## BLACK ET AL. v. MARSH.

[No. 4,228.   Filed April 24, 1903.]

TRIAL.—*Joint Tort Feasors.*—*Separate Trials.*—Where action is commenced against two persons as joint tort-feasors, the defendants are not entitled to separate trials, although the plaintiff might have elected to sue the defendants separately. *p. 54.*

FALSE IMPRISONMENT.—*Procuring Arrest.*— *Question of Fact.*—In an action for false imprisonment, the question as to whether the defendant procured and directed an unlawful arrest is a question of fact. *p. 55.*

TRIAL.—*Evidence.*—*Instruction.*—Where, in the trial of an action against two defendants, a deposition is read which is not competent evidence against one of the defendants, such defendant has a right to an instruction limiting the deposition to the party against whom it is competent. *pp. 55, 56.*

EVIDENCE.—*Deposition Taken Without Notice.*—A deposition objected to by one not present when it was taken, and to whom no notice has been given of the intention to take it, is not competent evidence against him. *pp. 55, 56.*

SAME.—*Deposition taken Without Notice.*—The fact that a party not present at the taking of a deposition, and who had no notice thereof might have introduced it in evidence against those who

were parties to it does not affect his right to object to its introduction by them against him.   *pp. 56, 57.*

DEPOSITIONS.—*Taken by One of Two Defendants.*—One of two defendants can not take depositions by service of a notice upon the sole plaintiff, and thereby bind his codefendant.   *pp. 56, 57.*

EVIDENCE.—*Depositions.*—The evidence delivered by depositions, like other evidence, must be scrutinized, excluded and limited by the court in accordance with the rights of the parties.   *p. 57.*

FALSE IMPRISONMENT.—*Burden of Proof.*—*Presumption.*—In an action for false imprisonment, the fact that the plaintiff was imprisoned is sufficient to raise the presumption that such imprisonment was illegal, and the burden of establishing the contrary is on the defendant.   *p. 57.*

From Putnam Circuit Court; *P. O. Colliver*, Judge.

Action by Frank N. Marsh against George W. Black and another. From a judgment for plaintiff against Black, the latter appeals. *Reversed.*

*T. T. Moore* and *G. C. Moore*, for appellants.
*J. J. Smiley* and *C. B. McNay*, for appellee.

ROBY, C. J.—This action was begun by the appellee against Richard M. Bunten and George W. Black to recover damages for false imprisonment. Upon a verdict against Black, assessing damages at $500, and in favor of Bunten, judgment was rendered, from which Black appeals.

The first error assigned is that the complaint does not state facts sufficient to constitute a cause of action. The second assignment is that the court erred in overruling appellant's demurrer to the complaint. No objection to the sufficiency of the complaint has been pointed out, and none is known.

The third assignment is that the court erred in overruling appellant's motion for a separate trial. The suit was brought against two persons as joint tort-feasors. The appellant might have elected to sue one of them without joining the other. *Hoosier Stone Co.* v. *McCain,* 133 Ind. 231. Having joined them, he was entitled to a trial of the issue and judgment in accordance with the proof made.   §577

Burns 1901. No error was committed in overruling the motion.

The fourth assignment is that the court erred in overruling appellant's motion for a new trial. Numerous grounds for a new trial were stated in the motion, among them that the court erred in admitting, over the objection of appellant, and as evidence against him, the deposition of S. W. Renner, and that it erred in refusing to instruct the jury that such evidence should not be considered as against appellant.

The evidence in the case discloses that Bunten was the sheriff of the county; that he arrested the appellee, and confined him in the county jail, without warrant or reason, except a suspicion, communicated to him by his codefendant, the appellant, that appellee was a horse thief. There does not seem to have been any apparent ground for the suspicion, which was, in fact, wholly without foundation. Acting upon it, however, Bunten arrested appellee, imprisoned him in the county jail from Saturday noon until the following Monday at half past four in the afternoon. The evidence was ample to sustain a verdict against Bunten, but the jury found in his favor. The verdict against appellant was procured upon the theory that he improperly induced the officer to make the arrest without warrant, and without any offense having been committed. *Veneman* v. *Jones,* 118 Ind. 41, 45, 10 Am. St. 100.

Whether appellant procured and directed the unlawful arrest was a question of fact. *Carson* v. *Dessau,* 142 N. Y. 445; *Cunningham* v. *Seattle Electric R., etc., Co.,* 3 Wash. 471, 28 Pac. 745; *Pearce* v. *Needham,* 37 Ill. App. 90. Upon this question the evidence was conflicting. Appellant's testimony tended to exonerate him from responsibility. Upon the other hand, there was evidence sufficient to support the verdict against him.

The deposition of the witness Renner was taken on the behalf of Bunten. Notice was given to appellee. No notice

was given to appellant, and he was not present in person nor by attorney at the taking of the deposition. Renner's testimony related principally to a conversation between Bunten and appellant prior to the detention and imprisonment of appellee, and relative thereto, and tended to show that appellant procured and directed the arrest. Objection was made to the admission of the deposition as against him when it was offered in evidence. The objection was overruled, and an exception reserved. Appellant at the proper time asked that the jury be instructed "that the deposition of S. W. Renner, read in evidence by the defendant Bunten in his own behalf, can not be considered by the jury as against defendant Black, or as evidence against him in said cause." The court refused to give the instruction, and the evidence was not in any way limited. If it was not competent against appellant, he had the right to an instruction limiting it to the parties against whom it was competent. *Thistlewaite* v. *Thistlewaite,* 132 Ind. 355, 357. The tendency of the evidence was to establish a liability on the part of the appellant to the appellee. Had appellant desired to avail himself of the deposition as against the parties taking it, he might have done so; but a deposition objected to by one not present when it was taken, and to whom no notice has been given of the intention to take it, is not competent evidence against him, and the court should so have instructed the jury. *Lumpkin* v. *Minor* (Tex. Civ. App.), 46 S. W. 66; *Zerkel* v. *Wooldridge* (Tex. Civ. App.), 36 S. W. 499.

Section 423 Burns 1901 authorizes the taking of depositions upon notice "to the adverse party, if there be only one person; if there be several, to any one of them who is a real party in interest." The deposition in question was not taken by or in behalf of the appellant, and did not purport to be so taken. He was a stranger to it. That he might have introduced it in evidence as against those who were parties to it does not affect his right to object

to its introduction by them against him.   The absence of the facts which would make it competent in one case, will in the other sustain the objection.   The statute cited is not, however, applicable.   The legislature has not said that one of two defendants may take depositions by the service of a notice upon the sole plaintiff and thereby bind the codefendant.   Even if appellant were an adverse party to the person taking a deposition, he would not be within the meaning of the section cited.   The legislature might as well provide that service of summons upon one of two defendants jointly sued should be sufficient to justify a judgment against both as that notice to take a deposition served upon one party shall render the deposition binding upon the one not served or represented.   It has not intended or attempted to do either.   A deposition taken in pursuance of a notice served upon one of several parties can not be wholly excluded because of the notice not having been served upon all.   The evidence delivered by deposition, like other evidence, must be scrutinized, excluded, and limited by the court in accordance with the rights of the parties. The error is of such a nature as to require a reversal of the judgment.

The court instructed the jury to the effect that the fact that the appellee was imprisoned was sufficient to raise the presumption that such imprisonment was illegal, and that the burden of establishing the contrary was upon defendants.   There was no error in this instruction.   "Whoever assaults or imprisons another must justify himself by showing specially to the court that the act was lawful." 1 Chitty, Pleading, 501, quoted and approved in *Gallimore* v. *Ammerman,* 39 Ind. 323.   *Carey* v. *Sheets,* 60 Ind. 17, 21.

Judgment reversed, and cause remanded, with instruction to sustain appellant's motion for a new trial and for further proceedings.