## Hutchison v. Ohio Valley Electric Railway Company.

(Decided February 25, 1919.)

Appeal from Boyd Circuit Court.

1.   Torts—Joint Tort Feasors—How Sued.—It is a well known rule of the common law that joint tort feasors may be sued jointly

or severally at the election of the plaintiff; and that if jointly sued a trial shall be had as to all the defendants at one and the same time. The Ky. Civil Code makes no material change in this rule. So where, as in this case, the injury to the person of the plaintiff complained of results from the concurring negligence of the two defendants jointly sued, neither of them is, as a matter of right, entitled to a separate trial; nor does the fact that they severally answer, make any difference.

2. Torts—Joint Tort Feasors—Separate Trials.—It would be unwise to hold that in no state of case should one or each of several defendants jointly sued for a tort, be allowed a separate trial or trials, but safe to declare that to authorize the severance, the trial court should be convinced that it would be essential to the ends of justice, and that the facts or circumstances are of such exceptional character as to imperatively require it. But in no case will the Court of Appeals approve the action of the trial court in permitting the severance, unless it is affirmatively made to appear of record that it was properly allowed.

JOHN S. FULLERTON for appellant.

HAGER & STEWART for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Edward Hutchison, instituted in the Boyd circuit court this action against the appellee, Ohio Valley Electric Railway Company, and William Hauk seeking the recovery of damages for injuries to his person caused, as averred, by their joint and concurrent negligence; it being alleged in the petition that the railway company so negligently operated one of its street cars and Hauk so negligently his jitney bus or automobile, in which appellant was at the time a passenger for hire, as to cause a collision between them on a street of the city of Ashland and thereby inflict upon appellant's body the injuries complained of. The defendants answered separately. The answer of the railway company denied the negligence attributed to it by the petition, and alleged that appellant's injuries were caused by the negligence of Hauk alone. That of Hauk also denied the negligence attributed to him by the petition and alleged that appellant's injuries were caused solely by the negligence of the railway company. All affirmative matter of each answer was controverted by reply, thereby completing the issues.

For some reason not appearing in the record, the railway company was disinclined to have the case proceed to a trial against the defendants jointly. So when

the case was called for that purpose, it requested of the court a separate trial of the issues made by the pleadings between it and appellant, and entered of record a motion to that effect, to which appellant objected. But the objection was overruled and the motion of the railway company for a separate trial sustained; to both of which rulings appellant at the time excepted. The separate trial thereupon followed, resulting in a verdict for the railway company, as directed by a peremptory instruction from the court, given at the latter's request, at the close of appellant's evidence, to which he objected and excepted. There was no trial of the action as to Hauk, the other defendant; at least it does not appear that there was from the record. We therefore assume that the case was continued as to Hauk at that term of the court. Appellant filed motion and grounds for a new trial, but the motion was overruled, to which an exception was also taken; and from the judgment entered upon the verdict and orders manifesting the several rulings excepted to, he prayed and was granted an appeal.

Appellant's chief complaint in this court is, that the action of the circuit court in granting appellee a separate trial is reversible error. The well known rule of the common law that joint tort feasors may be sued jointly or severally has not been changed by our Civil Code. On the contrary it recognizes and has adopted the rule. Civil Code, sec. 83, subsections 1, 2, 3, 4, 5 and 6; Pickrell v. City of Louisville, 125 Ky. 213; Cum. T. & T. Co. v. Ware, 115 Ky. 581. So where the injury to the person or persons is, as here alleged, the result of the concurring negligence of two or more parties, they may be sued jointly or severally. Nor does the fact that different degrees of care may be owing to the plaintiff by the different defendants, interfere with the former's right to sue them jointly or severally as he may elect. But we have never before been called on to decide upon such a state of case as is here presented, whether any one or more of several defendants jointly sued for the same tort can rightfully demand or be granted a separate trial or trials. If any one of several defendants can do so, it would seem to be equally the right of each of the others; and if there should happen to be as many as six or a dozen such defendants, the separate trials, to say nothing of the time unnecessarily consumed, would be attended with extraordinary expense to the

Commonwealth, and unsuccessful "litigants," especially the plaintiff, if defeat should fall to his lot on any considerable number of the trials.

It has long been the policy of this state and the practice of its courts as well, to prevent waste of time and unnecessary expense in disposing of litigation by trying, when practicable, several cases together. This is often done where the several causes are of the same nature, or where several actions are brought by one plaintiff against different defendants, or by different plaintiffs against the same or other defendants and the issues are the same in each case.

It has also been held that this practice is permissible even when the defendants employ different counsel. The ground upon which this practice is bottomed is that it prevents unnecessary delay and expense. The order requiring such hearing of several causes together does not have the effect of merging the several actions into one. Its only effect is that the suits be tried together. Each case retains its distinctive characteristics and the judgment in each case is several. And if the judgment in either of the cases is erroneous, such error is fatal only to that judgment and does not affect the others. Anderson v. Sutton, 2 Duvall, 480; Paducah Traction v. Walker's Admr., etc., 169 Ky. 721; Reid v. Nickols, 166 Ky. 424. In each of the cases, *supra,* it was held that the question whether such cases as those of the character last referred to should be tried together, is a matter in the discretion of the trial court, and such discretion will not be interfered with on appeal unless it was clearly abused.

If the practice of trying together cases of different parties because of their involving the same or like issues, is permissible, *a fortiori* should it be followed in a case like the one before us, the only parties to which are the plaintiff who was wronged and the two defendants who, as alleged, jointly committed the wrong; the negligence of the one concurring with that of the other in inflicting it. As the law gave the former the right to sue the two latter in one and the same action, his legal right to have a trial against the two at the same time would seem necessarily to follow.

We have found but one case that can be said to afford even colorable support to the action of the circuit court in according appellee a separate trial, viz.: Young v. Adams, 14 B. Mon. 102. The action was one in eject-

ment brought by the plaintiff against the three defendants jointly and the answer of the latter put in issue her title to the land sued for.  We gather from the opinion that two of the defendants, Knox and Taylor, claimed title to a part of the land in controversy as tenants in common, and that the third defendant, Jones, claimed title to another part of the land wholly disconnected from that claimed by Knox and Taylor; also that he had no interest whatever in the land claimed by them, nor they in the land claimed by him.  The plaintiff recovered the whole of the land in the court below, but on the appeal the judgment was reversed because of error in the instructions.  And while it can not be told from the opinion whether Knox and Taylor had moved for or been refused a separate trial in the court below the opinion with respect to that matter said: "It is evident that the testimony of Elijah Jones, one of the defendants, according to the principles herein settled, is material and important to his co-defendants, to enable them to sustain their defense to the plaintiff's action; the court should therefore exercise a reasonable discretion in permitting the other defendants to have him severed from them in their defense so far as to allow them to have a separate trial, that they may obtain the benefit of his testimony, if he has no interest in the land in their possession, nor in the result of the suit, so far as they are concerned.  But this matter must be left to the sound discretion of the circuit court, to be exercised with reference to the circumstances existing when such an application may be made and in such manner as will tend to promote the justice of the case, and not otherwise."

It should be borne in mind that at the time the case, *supra,* was decided the common law on the subject of evidence obtained in this state, which prevented, not only the parties to an action from testifying in their own behalf, but also all other persons having an interest in the subject matter of the action from doing so.  This rule of evidence being in the minds of the court, doubtless led to the expression from the writer of the opinion to the effect that upon the return of the case to the circuit court, that court upon ascertaining that the defendant, Jones, had no interest in the land claimed by his co-defendants, Knox and Taylor, might, in the exercise of a sound discretion, allow Knox and Taylor a separate trial, in order to enable them to obtain the benefit of certain important evidence believed to be in the possession

of Jones and which, under the laws of evidence then in force, he would not otherwise have been competent to give. How the question whether Knox and Taylor were entitled to a separate trial would have been decided by the court, if the law of evidence now obtaining in this state had then been in force, must be left to conjecture; but certain it is, that it now removes the sole ground upon which the opinion rested their right to a separate trial.

In the older case of Dougherty, etc. v. Dorsey, 4 Bibb 207, the plaintiff Dorsey sued in a joint action the four defendants, Daugherty, etc., for malicious prosecution. One of the defendants, Dickens, by separate answer, pleaded not guilty and probable cause. The other three defendants by joint answer relied on the same grounds of defense.

When the case was called for trial the three moved the court for a separate trial on the ground that their co-defendant, Dickens, was a material witness for them to prove a probable cause for the prosecution. But their motion was overruled and a joint trial was had resulting in a verdict and judgment for the plaintiff. On the appeal the judgment was affirmed. Respecting the appellant's complaint of the circuit court's refusal to grant the separate trial to the three, answering jointly, the court in the opinion said:

"We are aware of no cause where it has been held that defendants, because they may have severed in their pleas, have at their election a right to separate trials; nor can we perceive on principle why they should have such a privilege. Cases no doubt may occur where the court would act strictly correct in permitting separate trials; but those cases must of necessity depend much on their particular circumstances; and the court in either permitting or refusing a severance, must, as in almost every other instance in the course of the preparation of a cause they do, exercise a considerable latitude of discretion.

"This discretion it is admitted should not be abused to the prejudice of either party, but exercised in reasonable and proper limits. As respects the present case, we are unable to perceive any possible injury which can have been sustained by the defendants in the court below in consequence of the refusal of the court to direct separate trials. If on a separate trial Dickens would have been a competent witness for the other defendants,

so he would on a joint trial. . . . Dickens then on a separate trial could only have been used as a witness in the absence of all proof as to his guilt in the transaction complained of in the declaration; and in the absence of such proof, even on a joint trial there is no doubt but he would, according to the settled rules of evidence, be a competent witness. The circumstances, therefore, of the court having refused separate trials can not warrant the interposition of this court in setting aside the judgment.''

It is apparent from the foregoing statements of the opinion, as well as those of the opinion in Young v. Adams, *supra*, that, even as the law then stood, the broad discretion of the circuit court in the matter of permitting or refusing a separate trial to one or more of several joint defendants, could not be interfered with by the appellate court in the absence of a showing of its palpable abuse.

In 8 Cyc. 612 on this subject it is said: ''The severance of a suit as to the parties defendant, so as to make two several suits out of one joint suit, is never allowed at the common law; but an action may be severed as to defendants by their consent. By statute in many states, however, the plaintiffs may sever under certain circumstances, as where but a part of the defendants are served, where a several judgment is proper, or where one defendant dies; but severance will not be granted merely to enable parties to testify.'' Black v. Marsh, 32 Ind. App. 53; Melville v. Thompson, 114 Iowa, 743.

Again on page 613 it is said: ''Unless the conditions are such that severance is a strict matter of right, as where the right to a joint action is conferred by statute, the court is vested with judicial discretion to grant or refuse an application therefor; but the improper refusal of a motion for a severance is not a ground for reversal where no injury resulted to the moving party.''

We do not mean to hold that in no state of case should one or more defendants jointly sued for a tort be allowed separate trials, but only to declare that to authorize the severance the trial court should be convinced that it would be essential to the ends of justice; in other words, that the facts or circumstances are of such exceptional character as to imperatively require it; and that in no case will the Court of Appeals approve the action of the trial court in permitting the severance, un-

less it is affirmatively made to appear of record that it was properly allowed.

To hold otherwise would, it seems to us, deprive the plaintiff of the right of election given him by the law to sue the joint wrongdoers jointly or severally and yet give the latter the right to elect, to their advantage in every instance, to have separate trials. In a case like the one before us we will not speculate as to the effect of the severance upon the rights of the parties. It is sufficient for us to know that the record does not affirmatively show it was authorized. Wherefore the judgment is reversed and cause remanded for a new trial consistent with the opinion. Whole court sitting.