[No. 23326. Department Two. November 5, 1931.]

C. R. KING et al., *Appellants*, v. M. R. MANSON, *Respondent*.[1]

*Douglas T. Ballinger*, for appellant.

*Roberts, Skeel & Holman* and *Frank Hunter*, for respondent.

MILLARD, J.—As the result of a collision December 22, 1929, in the city of Seattle, between an automobile operated by M. R. Manson and a Chrysler sedan operated by Winter C. Wilson, two of Wilson's guests (C. R. King and Lucile Humphreys) sustained personal injuries. In the trial of the action instituted by

[1]Reported in 4 P. (2d) 885.

Humphreys against Manson to recover for the injuries suffered, the jury disagreed and was discharged. In the cause brought by King against Manson, the jury returned a verdict for fifteen hundred dollars in favor of the plaintiff. On defendant's motion, in which the plaintiff joined, a new trial was granted. Over objection of the plaintiffs, the motion of the defendant for consolidation of the two causes for trial was granted. The trial of the consolidated causes by a jury resulted in a verdict for the defendant. Plaintiffs' motion for a new trial was overruled, and from the judgment entered on the verdict, the plaintiffs have appealed.

When the appellants presented the statement of facts for settlement, the trial judge corrected the certificate thereto by striking out the recitation that the statement of facts contained

" . . . all the material facts, matters and proceedings heretofore occurring in said cause and not already a part of the record therein."

Hearing was had in this court (*State ex rel. King v. Superior Court*, No. 23199) on application of the appellants for a writ of mandate directing the trial court to certify that the statement of facts contained "all material facts, matters and proceedings heretofore occurring in said cause, and not already a part of the record therein." We denied the writ June 24, 1931.

The errors assigned are the consolidating of the causes for trial, permitting amendment to respondent's answer at the time of trial, the giving of certain instructions, refusing to charge the jury as requested, admitting certain testimony, and overruling the motion for a new trial.

The court is vested with a large discretion in the matter of consolidating actions for trial, and that discretion will not be interfered with unless abused.

However, the determination of that and the other questions here involved requires a review of the entire evidence. We do not have before us any statement of facts certified as containing all of the evidence introduced upon the trial, hence the judgment must be, and it is, affirmed.

TOLMAN, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.