# Malcolm v. Poland et al.

March 21, 1939.

J. G. Vallandingham, Judge.

F. A. HARRISON for appellant.
H. W. ALEXANDER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming in part and reversing in part.

Henry Lew Malcolm, an infant, by his father, I. M. Malcolm, as next friend, brought this action against Morris Poland, Cad Rose, Ren Pendleton, and John Dempsey, seeking to recover damages for personal injuries sustained as the result of a collision between a truck and an automobile. It is alleged in substance in the petition that the truck was owned by Cad Rose and Ren Pendleton and that Morris Poland was their agent and the driver of the truck; that plaintiff's father had contracted with Rose and Pendleton to haul his household goods from Carroll county to Grant county and they had furnished their truck and driver for that purpose; that while so transporting such goods and while plaintiff was a passenger on the truck, it and an automobile owned and driven by John Dempsey through the concurrent negligence of Poland and Dempsey were caused to come into collision and as a result thereof plaintiff sustained the injuries complained of.

By separate answer John Dempsey in a first paragraph traversed the allegations of the petition and in a second paragraph pleaded contributory negligence upon the part of plaintiff. By separate answer Cad Rose denied the material allegations of the petition as against him and alleged that he knew nothing about the collision complained of; that he was not the owner of

the truck and had no interest therein except that he had a mortgage on same given him by Ren Pendleton on October 4, 1934, to secure the payment of a debt of $400 due and owing him by Pendleton; that no employee, agent or servant of his was operating the truck at the time of the collision.

By separate answer defendant Ren Pendleton denied the material allegations of the petition as against him. In a second paragraph he alleged in substance that on the day of the collision and prior thereto he met Morris Poland who informed him that he had a contract to move a family from Carrollton to Dry Ridge but that his truck was in a garage for repairs and that the family he had contracted with wished to be moved that day; that he at the request of Poland agreed to and did lend him his truck to move the family; that Poland got in the truck with him and drove it to the home of appellant's father and after the household goods were loaded on some wheat which the answering defendant was hauling, Poland, plaintiff's mother and her small child got in the cab of the truck and plaintiff, his father and the answering defendant got in the truck and rode on the wheat; that while going east and traveling at a speed not in excess of 30 miles per hour and when nearing Duck Head Inn, John Dempsey, who was approaching in his automobile from the opposite direction suddenly and without signal or warning turned his car to the left and directly into the path of the truck when so near thereto that Poland was unable to stop the truck or to avoid striking it; that the direct and proximate cause of plaintiff's injuries was the gross negligence and carelessness of Dempsey in suddenly turning his car directly into the path of the truck; that at the time of the collision the truck was not being operated by him or by Poland, as his agent or servant, or on any business for him; that he had lent the truck to Poland who at the time of the collision and accident was operating same by a contract with and in the service of and under the direction of plaintiff's father. In a third paragraph he alleged that plaintiff and his father who was with him were guilty of contributory negligence.

The only other pleading found in the record is a reply traversing the allegations of the second paragraph of the answer of John Dempsey. On the day the case was called for trial Cad Rose and Ren Pendleton moved the court that they be granted separate trials from that

against John Dempsey and the court sustained the motion and ordered that the cases be heard against Rose and Pendleton and then against other defendants in separate trials, to which ruling plaintiff objected and excepted and plaintiff being required to elect which of the cases he would try first elected to first try the case against Rose and Pendleton. At the conclusion of the testimony for plaintiff, the court upon motion of the defendants, peremptorily instructed the jury to find for each of them and from a judgment entered in conformity with the directed verdicts plaintiff is appealing.

It is first argued by counsel for appellant that it was prejudicial and reversible error to grant separate trials to appellees Rose and Pendleton and Smith et al. v. Smith, 255 Ky. 191, 72 S. W. (2d) 425; East Tennessee Telephone Company v. Carmine, 93 S. W. 903, 29 Ky. Law Rep. 479; Bannon v. Moran, 12 Ky. Law Rep. 989, and Hutchison v. Ohio Valley Electric Railway Company, 183 Ky. 396, 209 S. W. 355, 357, are cited. The first case relates merely to trial actions by piecemeal. In the second case a lineman sustained injuries in handling a telephone wire that had come in contact with a wire of an electric company. He sued both companies and recovered judgment for $1500. There is nothing found in the record concerning the pleadings or the defenses made by the defendants. It was held that the lineman had a right to sue jointly the two companies and that neither had a right to a separate trial without any showing as to what contentions were made with respect to a severance or the basis for such contention, if it was made. In the third case referred to, the court in an abstract opinion held that in a joint action for libel against a newspaper and one who procured the libel to be published there might be separate verdicts but the defendants were not entitled to separate trials. Nothing concerning the state of pleadings or the proven circumstances appears in the opinion. The last case was an action by a passenger in a jitney bus who was suing an electric company and the owner and operator of the bus jointly for damages for personal injuries alleged to have been sustained when a street car of the railway company and the jitney bus came in collision through the alleged concurrent negligence of the defendants. The railway company denied the negligence attributed to it and alleged that appellant's injuries were caused by the negligence of the operator of the

jitney bus. The driver of the bus likewise denied the negligence attributed to him and alleged that the accident was caused solely by the negligence of the railway company. The railway company made a motion for a separate trial which over objections of the appellant was sustained and exceptions were saved to the court's ruling. A separate trial resulted in a directed verdict for the railway company. On appeal from the judgment following the verdict it was argued that the court erred in sustaining appellee's motion for a severance. This court sustained that contention and, in an opinion reversing the judgment, cited a number of authorities bearing on the question, and with respect thereto sa·d:

"We do not mean to hold that in no state of case should one or more defendants jointly sued for a tort be allowed separate trials, but to declare that, to authorize the severance, the trial court should be convinced that it would be essential to the ends of justice; in other words, that the facts or circumstances are of such exceptional character as to imperatively require it; and that in no case will the Court of Appeals approve the action of the trial court in permitting the severance, unless it is affirmatively made to appear of record that it was properly allowed.

"To hold otherwise would, it seems to us, deprive the plaintiff of the right of election, given him by the law to sue the joint wrongdoers jointly or severally and yet give the latter the right to elect, to their advantage in every instance, to have separate trials. In a case like the one before us, we will not speculate as to the effect of the severance upon the right of the parties. It is sufficient for us to know that the record does not affirmatively show it was authorized."

As is further indicated in the opinion it was the policy of the common law and the practice of courts to try cases together when practical in order to prevent waste of time and unnecessary costs of litigation, and as will be noted, the excerpt assigns as another reason for not severing the causes of action of a plaintiff against the joint tort-feasor that it preserves his right under section 83 of the Civil Code of Practice to sue them jointly. While the opinion indicates that in some circumstances one or more defendants jointly sued for tort may be allowed separate trials, thus acknowledging

that to some extent at least it is a matter resting in the discretion of the trial court, it lays down the hard and fast rule to the effect that this court may not speculate as to the effect of a severance upon the rights of the parties unless it affirmatively appears from the record that it was authorized.

Some states have statutes specifically authorizing a severance in cases therein specified, but, generally speaking, the power of courts to grant a severance in proper cases has been recognized independent of or in the absence of any statutory authority therefor. 1 C. J. S., Actions, section 118, p. 1380. It is indicated in the same work that when proper or permissible the allowance of a severance is a matter resting within the sound discretion of the trial court and will not be disturbed on appeal unless manifestly abused. Clearly, to our minds, the opinion in the Hutchison Case went too far, since it apparently overlooked and if strictly interpreted and followed would in so far as the alleged error complained of is concerned nullify section 338 of the Civil Code of Practice, which provides: "No exceptions shall be regarded, unless the decision to which it relates be prejudicial to the substantial rights of the party excepting." And also that part of section 756 of the Civil Code of Practice which reads: "Nor shall a judgment be reversed or modified, except for an error to the prejudice of the substantial rights of the party complaining thereof."

While we recognize and appreciate the sound basic reasons underlying the prevailing practice and policy of courts in trying cases together when practical and would refrain from giving undue encouragement to a frustration of that policy by granting a severance to any defendants who might apply therefor without reason or showing, we conclude without hesitation that the trial court is invested with a discretion in the matter of granting separate trials to defendants jointly sued for tort; and that the exercise of that discretion should not be disturbed on appeal unless there has been abuse. Nor should a judgment be reversed merely because of a severance where it is clearly manifest that the substantial rights of none of the parties were prejudiced thereby. It is our further conclusion that the case of Hutchison v. Ohio Valley Electric Railway Company, supra, should not be allowed to stand unmodified and that it should be and is overruled in so far as it holds, without

regard to the quoted provisions of the Code that a judgment should be reversed because of the action of the trial court in granting a severance unless it affirmatively appears from the record that it was authorized.

As to appellee Rose it is alleged in his answer and established by proof with nothing of any substance or effect to the contrary that he had no interest whatever in the truck except that he held a mortgage against it to secure some indebtedness against Pendleton; that he was not present at the time of the accident and had no control directly or indirectly over the management or operation of the truck. It is therefore apparent that even if error was committed by the lower court in granting separate trials to Rose and Pendleton, appellant's rights were in nowise prejudiced in so far as the granting of a separate trial to Rose was concerned. But it is unnecessary to determine this question as to appellee Pendleton since the judgment as to him must be reversed for other reasons.

Pendleton had driven his truck from his home to Trimble County for some wheat and this wheat was in the truck and being transported back to his home when he claims that he lent the truck to Poland. He and Poland went to the Malcolm home where the household goods of the latter were loaded into the truck with the wheat. After this was done the parties started out with Poland driving and Pendleton riding in the back of the truck on the wheat. In order to transport Malcolm's household goods to their destination it was necessary to travel 25 or more miles out of the usual way that would have been followed by Pendleton in reaching his home. These and other facts and circumstances unnecessary to enumerate give rise at least to a reasonable inference that Pendleton may have had some interest in the venture of Poland and had not in fact unconditionally lent and surrendered the possession and control of the truck to him, thus making an issue of fact for the jury under proper instructions. We therefore conclude that the court erred in peremptorily instructing the jury to find for Pendleton.

Wherefore, the judgment is affirmed as to appellee Rose but is reversed as to appellee Pendleton for a new trial and proceedings consistent with this opinion.