(No. 6603.   July 8,  1939.)

HARRY E. NELSON and FRANCES C. NELSON, Respondents, v. INLAND MOTOR FREIGHT COMPANY, Appellant and Respondent, and SAM HALL, Respondent.

[92 Pac. (2d) 790.]

W. B. McFarland, for Appellant, Inland Motor Freight Company.

Gray & McNaughton, for Respondents, Harry E. Nelson and Frances C. Nelson.

Whitla & Knudson, for Respondent Sam Hall.

AILSHIE, C. J.—This is an action arising out of an automobile collision which occurred on Highway No. 10 a short

distance west of Post Falls, Idaho, when a car owned and operated by respondent Sam Hall, in which respondent Frances C. Nelson was riding, collided with a trailer and truck owned and operated by the appellant Inland Motor Freight Company late in the evening of March 30, 1937. For brevity, we will hereinafter refer to the Inland Motor Freight Company as the "Company."

Respondents Harry E. Nelson and Frances C. Nelson (husband and wife) brought an action against Sam Hall (respondent) and the Company (appellant) to recover for personal injuries to respondent Frances C. Nelson. Respondent Sam Hall appeared and answered the complaint and filed a cross-complaint against appellant Company asking for damages to his person and his car. The appellant Company answered the complaint of Frances C. Nelson and Harry E. Nelson and the cross-complaint of respondent Sam Hall and by counter-claim against Hall asked for damages to their truck and trailer.

The jury returned a verdict in favor of Harry Nelson and Frances Nelson, for $2,566.68 against the Company and another verdict in favor of respondent Sam Hall against the Company in the amount of $2,000.00. Judgments were entered and this is an appeal therefrom.

The facts briefly stated are as follows: Respondent Hall, who lives and works in Spirit Lake, Idaho, invited a Miss Dell to go with him to Spokane in his car and told her to invite anyone else she wanted to invite. Accordingly she invited respondent Frances Nelson to go along. The three of them went to Spokane the afternoon of March 30th, the women attending to shopping and seeing a movie, Hall seeing his sick wife and attending to his business. At eleven that night the three, all riding in the front seat of Hall's LaSalle sedan, proceeded from Spokane to Spirit Lake via the Appleway-Ross-Point Road. As they crossed the state line and onto the straightaway, they encountered patches of fog and the visibility was quite low. Hall was driving on the right side of the road and a few hundred yards west of the Stone Church (east of the state line) he saw the appellant's trailer parked on the highway (the right hand south side)

and, unable to stop in time, ran into the back end of the trailer. There was no other car near and no one save the occupants of the Hall car and the driver of the trailer and truck were in a position to see the accident.

Appellant's assignments of error, 1, 2, 3, 5, 6, 9, and 10 are all directed in some respect against the sufficiency of the evidence. As to the exact circumstances attending the accident, it is difficult to determine. There is no dispute as to the fact that the appellant's trailer and truck were on the proper side of the highway; that the Hall car was on the right and proper side of the highway; that it was a foggy night; that the appellant's trailer and truck had been stopped on the highway for some ten or fifteen minutes and that it was stationary at the time of the impact. There was testimony both ways as to the speed of Hall's car, varying from 30 miles an hour, as testified by Hall himself, to the allegation of respondent Frances Nelson that his speed was in excess of 60 miles per hour. There was evidence that Hall was driving recklessly at the time of the accident and evidence that he was driving carefully and could not avoid the accident.

There is evidence that the driver of appellant's truck and trailer had been forced by an unavoidable accident to stop on the highway and that he was unable to get the truck off the roadway. Johnson, the driver of the truck and trailer, testified that a wheel on the trailer caught fire and he was forced to stop and put out the fire; and that the wheel locked on him. This fact was, in part, corroborated by another witness. There was evidence that the appellant's trailer did not have sufficient clearance lights and tail lights and there was also evidence that the trailer had all the lights required by law and in addition thereto had a flare out to warn approaching cars. Altogether there was evidence introduced to show that the respondent Hall was guilty of negligence and that such negligence was a sufficient intervening factor to well have been the proximate cause of the accident. The same applies to appellant Company. In other words, there was sufficient evidence of negligence on the part of the Company which (if believed) would justify recovery against

the Company for damages which resulted from the collision. There was also sufficient evidence of Hall's contributory negligence, which (if believed) would be sufficient to preclude his recovery. However, all these questions were purely matters of fact for the jury to determine.

We are not unmindful of the tendencies of juries to find against corporations on slight evidence but, at the same time, we do not feel that it is within the province of the court to upset verdicts of juries merely because we might not agree with their findings. It is only where the evidence is clearly and wholly against the finding of the jury or where some essential fact necessary to establish liability has not been proven, that this court can interfere. There being credible evidence both ways in this matter, and all facts necessary to establish liability either way, and the jury having passed upon it, we cannot disturb the verdict on the question of insufficiency of evidence.

Appellant's fourth assignment of error is urged against the action of the court in refusing appellant Company separate trials on the issues involved between respondents Harry E. Nelson and Frances C. Nelson, plaintiffs, against the Company and Hall, on the one hand, and the cause of action alleged by Hall against the Company, on the other hand. In support of this assignment, appellant says:

"Because of the alleged relationship of host and guest between Hall and Mrs. Nelson, different rules of evidence and of law were applicable in the issues as between the plaintiff and defendants under the complaint than as between the cross complainant Hall and the defendant Inland Motor Freight Company which made the issues very involved for the jury to distinguish and to follow the instructions, whereas by a severance of the issues for trial, the rules applicable would have been less involved and simpler for the jury to follow."

The matter of granting separate trials in cases of this kind is addressed to the discretion of the trial court and unless it manifestly appears that one of the parties has been prejudiced by the ruling of the court, the court's action will not be disturbed on appeal. (*Jackson v. Lactein Co.*, 209 Cal.

520, 288 Pac. 781; *King v. Manson*, 165 Wash. 90, 4 Pac. (2d) 885; *Schmidt v. Riess*, 186 Wis. 574, 203 N. W. 362; *Hutchison v. Ohio Valley Electric Ry. Co.*, 183 Ky. 396, 209 S. W. 355.)

It is the policy of the law to limit the number of trials as far as possible. In furtherance of this policy, sec. 12–605, I. C. A., authorizes consolidation of different actions where the causes of action might have been joined.

The reason urged for denying a motion in a case like this is that all the claims made by the respective parties arise out of the same accident and state of facts and one trial is sufficient to disclose all the facts involved in the various contentions and to grant separate trials would be simply a waste of time and added expense. The contrary contention is that the evidence and necessary instructions are likely to be confusing to a jury where one plaintiff is claiming damages against the defendant Company and the other plaintiff is claiming damages against both the defendant Company and the other plaintiff, on the theory that their combined negligence has been the cause of the latter plaintiff's injuries. Relative merits of these conflicting contentions can very well be determined by the trial judge by an inspection of the pleadings. We are satisfied that no error was committed in the ruling of the court in this respect.

Appellant's seventh assignment of error is directed against the court's action in giving the italicized portion of the following instruction:

"as a third and fourth affirmative defense, the defendant, Inland Motor Freight Company alleges that the plaintiff, Frances C. Nelson and the defendant, Sam Hall, were engaged in a common joint enterprise in the objects and purposes of which they were equally and jointly interested and both had control over the actions of the other and that by reason thereof the said plaintiff, Frances C. Nelson, was charged with any negligence of which the said Sam Hall might be guilty and that by reason thereof she could not recover from the said defendant, Inland Motor Freight Company.

"*Due to the fact that no evidence was offered in support of these two affirmative defenses they are removed from your consideration.*"

There was no error in this instruction for the reason that there was no evidence to show that Hall and respondent Frances Nelson were engaged in a joint enterprise. All the evidence is to the effect that Hall was going to Spokane on business and, knowing that Miss Dell liked to make the trip to Spokane occasionally, told her to bring a friend along if she wanted to, and that Miss Dell invited respondent Frances Nelson to go along. There is nothing in the evidence in this case to bring it within the rule defining a joint enterprise. (*Griffin v. Clark*, 55 Ida. 364, 42 Pac. (2d) 297.)

■ Appellant further complains of the giving by the court of the following portions of instructions numbered 1 and 4:

(From No. 1.)

"Defendant Sam Hall and cross complainant further alleges that said equipment was in bad condition and repair and should not have been sent out upon the road all of which was known or should have been known to the defendant, Inland Motor Freight Company, but notwithstanding said fact, the said defendant company carelessly and negligently sent said equipment in bad order of repair out upon the road heavily loaded in charge of one driver with no one accompanying him and that as he proceeded eastward along the highway, the defective condition of said equipment caused the driver to stop and investigate or repair the condition of the trailer but found that the front wheel of said trailer had become heated because of the defective condition. . . . . "

(From No. 4.)

"Unless you further find that the said Inland Motor Freight Company knew, or in the exercise of ordinary care *should have known that such equipment was defective and apt to become disabled* on said highway and negligently permitted the same to be operated on the highway under such conditions."

Appellant's special objection to this instruction is directed to the portion which says: "should have known that such equipment was defective and apt to become disabled on said highway," on the ground (asserted by appellant) that it leaves the inference that there was proof of some defective condition of the equipment, whereas there was no evidence to that effect. It is true there is no evidence of any defective condition of the trailer or truck except such inference, if any, as might be drawn from the fact that the trailer wheel caught on fire while moving on the highway. We do not think there was any substantial error in giving the instruction above quoted.

The evidence of negligence was, in itself, sufficient (if believed as it evidently was) to warrant the jury in finding against appellant. We find no prejudicial error in the record. The judgment appealed from must be affirmed. Costs awarded in favor of respondents.

Budge, Givens and Holden, JJ., concur.

Morgan, J., by reason of illness, did not participate in the decision.