## KIZER ET AL. *v.* HAZELETT.

[No. 27,875.   Filed June 23, 1943.   Rehearing denied
September 16, 1943.]

*Arthur W. Parry, Merl A. Barns,* and *Eggeman, Reed & Cleland,* all of Fort Wayne, for appellants.

*James P. Murphy* and *Chester L. Teeter,* both of Fort Wayne, for appellee.

RICHMAN, J.—Appellee was injured in a collision between an automobile owned and driven by appellant Kizer and an automobile owned and driven by her son, appellant Hazelett, in which she was riding as a guest. She sued both appellants in one paragraph alleging that Kizer's negligence and her son's willful and wanton misconduct concurred in causing her injuries without fault on her part. Each appellant filed a motion to separate the causes of action and redocket and try the same as separate causes of action which motions were overruled and errors are assigned on the rulings. The cause was tried by a jury with verdict against both appellants in the sum of $3,000.00 upon which judgment was entered. Each appellant filed a motion for new trial which was overruled. The errors assigned on this ruling need not be considered.

Appellee asserts that when the torts of two or more persons unite to produce an injury, such injury is indi-

visible and the person wronged has his remedy against one or all of the tort-feasors in a single or separate actions, citing *Cleveland C. C. & St. L. R. R. Co.* v. *Hilligoss* (1908), 171 Ind. 417, 86 N. E. 485; *Jackson* v. *Record, Admr.* (1937), 211 Ind. 141, 5 N. E. (2d) 897. We may agree that this is the general rule but it does not follow that the causes of action may be stated in one paragraph or that the defendants may not have separate trials. In fact it is conceded by appellee that a cause of action for negligence may not legitimately be joined in the same paragraph with a cause of action for wanton misconduct. But appellee says that the remedy is by demurrer for misjoinder of causes of action of which appellants did not avail themselves, citing § 2-1007, Burns' 1933, § 111, Baldwin's 1934, and citing further § 2-1009, Burns' 1933, § 113, Baldwin's 1934, declaring that an erroneous ruling on such a demurrer is not ground for reversal. It is manifest that if there was a prejudicial injury to the appellants in being compelled to defend in the same trial the question could not be presented to this court by demurrer for misjoinder but must be raised in some other way. We think the practice is properly defined in the case of *Boonville National Bank* v. *Blakey, Trustee* (1906), 166 Ind. 427, 76 N. E. 529, where the court asserted that "A motion for a separate trial is one which the practice recognizes, and it may be allowed for good cause." *Carpenter* v. *Crane* (1839), 5 Blackford 119, 120, decided before the adoption of the code, states that "The separate trial of joint defendants in actions of tort is a matter of discretion with the Court and may be allowed for good cause." In some states there is statutory authority for such a separation. See *Manley* v. *Paysen et al.* (1932), 215 Ia. 146, 244 N. W.

863. In *Malcolm* v. *Poland* (1939), 277 Ky. 512, 126 S. W. (2d) 1098, the court, citing 1 C. J. S. *Actions* § 118, page 1380, says that "generally speaking, the power of courts to grant a severance in proper cases has been recognized independent of or in the absence of any statutory authority therefor." This seems and ought to be the rule. As in other matters where trial courts have discretion its abuse may be remedied by an appellate court. Naturally there must be some rules for guidance of trial courts in such matters and they must necessarily be found in the opinions of the courts of last resort. Appellants assert that the particular situation now confronting us has not been before either of the Indiana appellate courts and accordingly we must turn to opinions in other jurisdictions for light on the subject.

The sufficiency of the complaint was not tested by demurrer. It seems to have been assumed by all the parties until the oral argument in this court that it stated a good cause of action against both defendants. But certain questions then propounded to the parties since have had the attention of counsel for appellant Kizer, who now takes the view in a citation of additional authorities that,

> ". . . the allegation that the defendant Hazelett, Jr., was guilty of acts of *wilful* or wanton misconduct, and that such misconduct on his part was the proximate cause of the collision and of Appellee's injuries, conclusively deny, as a matter of law, that any acts of mere negligence on the part of Appellant, Kizer, were a proximate cause of the collision?"

While we are not required to determine this question, nevertheless it invokes certain inquiries which are material to our determination of whether or not appel-

lants' several motions for separate trials were erroneously overruled.

The authorities are agreed that contributory negligence is no defense to an action for willful injury. This rule goes back far beyond the time of the enactment of the guest statutes. *Steinmetz* v. *Kelly* (1880), 72 Ind. 442; *The Terre Haute and Indianapolis R. R. Co.* v. *Graham* (1884), 95 Ind. 286; *Brannen* v. *The Kokomo etc. Road Co.* (1888), 115 Ind. 115, 17 N. E. 202.

> "The doctrine of contributory negligence as a defense has no application to harms intentionally inflicted by the defendant. Sometimes the courts have rationalized the result in terms of proximate causation, declaring that the plaintiff's negligence is not the proximate cause of harm intentionally inflicted. This, however, is of little assistance. The proper explanation is that the plaintiff's misconduct is not of sufficient culpability to be a bar to the action. The conduct of the parties is of two distinct levels of social and moral culpability and the one is not set off against the other." § 150 Harper, Law of Torts.

We are not inclined to dismiss too readily the theory that "plaintiff's negligence is not the proximate cause of harm intentionally inflicted." Whatever be the proper basis for the rule, it presents a complication in this case which cannot be ignored. If we should be required to hold in a particular case that the driver of a car in which a guest was riding was guilty of willful or wanton misconduct so as to establish a liability to a guest who was injured in a collision occasioned by such misconduct, it is hard to see why the driver of the other car would be barred by his negligence from recovery against the host driver so guilty of willful and wanton misconduct. Where questions such as these are presented for the consideration of the jury in one trial on

one paragraph of complaint it seems to us that the opportunity for confusion is so great that as a preventative there well may be a separation of the issues and separate trials. This view was taken by the Iowa court in *Manley* v. *Paysen, supra,* and *Fay* v. *Dorow* (1937), 224 Ia. 275, 276 N. W. 31. While perhaps there were slightly more complications in each of these cases than in the one at bar we think that the principle laid down therein is applicable and that because of the various hostilities between the parties, the differences and inconsistencies of defenses, the fact, which was given consideration in the *Manley* case, that a family relationship existed between the host and the guest, and other considerations that are readily apparent to one who is accustomed to the trial of causes, the appellants should have been granted separate trials and that their motions were improperly overruled.

Examination of the record confirms our view in this respect. There were five persons in the Kizer car and four in the Hazelett car. Eight of these testified. The other witnesses were a doctor called by appellee, two garage men called to testify as to the injuries to the respective cars, and four doctors apparently called by appellant Kizer to testify as experts with respect to the injuries to the appellee. As to the advisability of contesting the amount of damages there are two schools of thought which may have existed in this case. Many good trial lawyers ignore or minimize the question of damages, preferring to center the jury's attention on the question of liability or absence thereof. A defendant's attorney so minded cannot choose this manner of trying the case for his client where the other defendant insists upon a different course. Appellant Kizer tendered four instructions with respect to the duty of appellant Hazelett under the statute to observe the stop

sign. Appellant Hazelett, for various reasons given in his objections thereto, says that each of these instructions is erroneous and attempts to assign their giving as error. Appellee says she was not responsible for the instructions and the error if any is not available to appellant Hazelett. If he had been the only defendant the instructions probably would not have been submitted or at least not in the form to which he objects. One instruction given by the court at appellee's request declares in substance that if both appellants were guilty of negligence which combined to cause the injury the appellee, if she was free from contributory negligence, would still be entitled to recover against the appellant Kizer even though the jury should find that Hazelett was not guilty of willful or wanton misconduct. This injects into the controversy an issue of negligence on the part of Hazelett when in fact the issue presented by the complaint is his willful or wanton misconduct.

Even more serious than these considerations however is the fact that the jury found against appellant Hazelett on evidence wholly insufficient to establish willful or wanton misconduct on his part. The parties themselves in the oral argument were sufficiently advised of the court's views on this question. A recital of this evidence is not here necessary because we do not put our decision upon error in overruling the motion for a new trial. The evidence as to Kizer's negligence is so meager and that which would tend to sustain the verdict against him so improbable in view of the physical facts, concerning which there is apparently no dispute, that it is possible or even probable that a jury would not have found against him without a finding against his co-defendant. These complications, of course, occurred after the ruling was made on the motions to

separate, but even then they might, at least in some measure, have been anticipated.

To sustain the trial court's ruling on the motion to separate appellee principally relies upon six cases. *Black* v. *Marsh* (1903), 31 Ind. App. 53, 67 N. E. 201, was an action against two defendants for false imprisonment. After verdict and judgment against Black alone he appealed assigning as error the overruling of his motion for a separate trial. The court said that the plaintiff "Having joined them, he was entitled to a trial of the issue and judgment in accordance with the proof made. § 577 Burns' 1901." The ruling may have been correct but it certainly was put upon an erroneous ground for that section, now § 2-2505, Burns' 1933, § 377, Baldwin's 1934, merely provides that judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants and has nothing to do with the question of separation of issues or trials. In *Richeson* v. *Hogmire, Administratrix* (1936), 101 Ind. App. 530, 531, 199 N. E. 887, the motion was to separate causes of action where concurrent acts of negligence were charged. The alleged error was "predicated solely on the theory that the complaint pleads a joint tort of all the defendants." If this had been true there would seem to be more reason for denying separation than where two separate concurrent acts of negligence were charged. In any event the court did not pass upon the question now before us. In *Nelson* v. *Inland Motor Freight Co.* (1939), 60 Idaho 443, 92 P. (2d) 790, the court held it was not error to refuse to grant separate trials in a case where apparently both defendants were charged with concurrent acts of negligence. There was a cross-complaint raising issues between the two defendants. It does not appear from the opinion that the question of wanton

misconduct was in the case. On the other hand it does appear that the passenger and the driver of one of the cars were alleged to be engaged in a common joint enterprise so that the driver's negligence would be imputed to the passenger who was suing both defendants. The court weighed "the policy of the law to limit the number of trials so far as possible" against the contention that the jury might be confused by the complicated issues and said that the "relative merits of these conflicting contentions can very well be determined by the trial judge by an inspection of the pleadings." The court recognized that the matter was within the trial court's discretion and would not be disturbed on appeal unless one of the parties had been prejudiced. We do not think this ruling is at variance with our conclusion in this case. The other cases cited by appellee are readily distinguishable and need not be mentioned except to say that one of them, *Hutchison* v. *Ohio Valley Electric Rwy. Co.* (1919), 183 Ky. 396, 209 S. W. 355, was properly criticized as "going too far" in *Malcolm* v. *Poland, supra.*

Other questions presented are not likely to arise in another trial and need not be decided.

For the error in overruling the several motions of the appellants for separation of the causes of action and separate trials, the judgment is reversed with instructions to set aside the verdicts and to sustain each of said motions.

NOTE.—Reported in 49 N. E. (2d) 543.