SINCLAIR
v.
ROUSH.

May Term,
1860.

---

### SINCLAIR *v.* ROUSH.

Where the ground of objection to testimony is not stated, the presumption, on appeal, is in favor of the ruling of the Court.

In an action for damages, the opinion of a witness as to the amount of damages sustained by the plaintiff, is inadmissible.

*Aliter*, as to experts, and persons acquainted with the value of particular property.

The affidavit of a juror is not competent to impeach the verdict.

In actions for damages within § 398, 2 R. S. p. 127, where the recovery is less than five dollars, each party pays the costs made by himself, and cannot recover back the amount from the other, except that the plaintiff may recover an amount of his costs equal to the amount of damages recovered.

*Monday,*
*June 11.*

APPEAL from the *Grant* Circuit Court.

WORDEN, J.—Action by the appellant against the appellee for a nuisance in the erection of a dam, whereby water was caused to overflow the lands of the plaintiff. Trial by

a jury; verdict for the plaintiff for one cent damages, and judgment, over plaintiff's motion for a new trial.

The evidence is not set out. It appears by a bill of exceptions, that "during the progress of the trial, the plaintiff asked a witness on the stand to testify as to the amount of damages the plaintiff had sustained by the overflowing of his land." The defendant objected to the question, and the objection was sustained, and to this ruling the plaintiff excepted.

We cannot say that there was any error in this ruling. The ground of the objection to the testimony is not stated, and the presumptions are in favor of the ruling of the Court. For aught that appears, the testimony may have been sought to be elicited under circumstances that would render it inadmissible, as, for instance, upon a cross-examination of the witness, and the testimony not being connected with the matters testified by the witness in his examination in chief. But there seems to be a substantial objection to the testimony, offered at any time, and under any circumstances. We understand the testimony offered to have been the opinion of the witness as to the extent of the plaintiff's damages. He could not testify "as to the amount of damages," otherwise than by expressing his opinion on that subject. He was not asked to state the circumstances, and describe the injury complained of, whereby the jury might form their own estimate as to the amount of damages. Opinions, in such cases, are inadmissible, but the witnesses may describe the injuries, and from the facts proven the jury are to form their own conclusions as to the amount of damages. The case differs from those where persons of skill or science may express an opinion, and also from those where a person acquainted with the value of particular property, may give an opinion in reference to such value. This view is fully sustained by the case of *The Evansville, &c., Railroad Co.* v. *Fitzpatrick*, 10 Ind. R. 120.

One of the grounds for a new trial is, that the Court charged the jury that one cent damages was sufficient to carry costs. An affidavit of a juror was offered for the

purpose of showing that they intended that their verdict should carry costs, and supposed that it would, and had they not so understood the matter, they would have rendered a verdict sufficient to carry the costs. The bill of exceptions shows that the motion for a new trial was overruled, "for the reason, amongst others, that the jury had nothing to do with the question of costs, and that they had no right to regard anything said by the Court on that subject." It does not appear, except by implication, that the alleged instruction in reference to costs, was given. No such instruction, nor, indeed, any other, is contained in the record, nor does it appear that, if given, it was excepted to. Hence, we need express no opinion as to the effect of such instruction. The proffered affidavit of the juror was clearly incompetent to impeach the verdict. *Drummond* v. *Leslie*, 5 Blackf. 453. There was no error committed in overruling the motion for a new trial.

On motion of the defendant, the Court entered judgment in his favor against the plaintiff for all the costs in the case, except one cent. To this ruling the plaintiff excepted. By § 396 of the code, the party recovering judgment in a civil case, is entitled to costs, except in those cases in which a different provision is made by law. Section 398 provides that "in all actions for damages solely, not arising out of contract, if the plaintiff do not recover five dollars damages, he shall recover no more costs than damages, except in actions for injuries to character, and false imprisonment, and where the title to real estate comes in question."

It appears by the bill of exceptions, that the title to real estate did not come in question on the trial, the plaintiff's title being admitted, hence, the plaintiff was not entitled to full costs under the last exception of the above statute. *Dodd* v. *Sheeks*, 5 Blackf. 592.

But the provision above quoted does not authorize the rendition of judgment for the defendant against the plaintiff for costs, where the plaintiff recovers, although the recovery be less than five dollars. It simply limits the amount of the plaintiff's costs to be recovered from the

defendant, to an amount equal to the sum recovered, where it is less than five dollars, but does not make the plaintiff liable for any of the defendant's costs. In cases within the above section, where the recovery is less than five dollars, each party pays the costs made by him, and cannot recover it back from the other, except the recovery by the plaintiff of an amount of his costs equal to the sum recovered. In this case, neither party is entitled to judgment against the other for costs (except for the one cent), and the judgment for costs in favor of the defendant is erroneous, and must be reversed.

*Per Curiam.*—The judgment in favor of the defendant against the plaintiff below for costs is reversed, with costs here, and the cause remanded.

*J. Brownlee*, for the appellant.

*H. D. Thompson*, for the appellee.