## HOUSEWORTH *v.* BISHOP.

[No. 8,415.   Filed October 13, 1914.]

1. NEW TRIAL.—*Motion for New Trial.—Affidavit.—Quotient Verdict.*—An affidavit in support of a motion for a new trial on the ground that the verdict returned was a quotient verdict, alleging that the information as to the manner in which the amount of the verdict was arrived at was learned from a certain person named, without any further statement as to the source of information, and unsupported by the affidavit of affiant's alleged informant, was insufficient to impeach the verdict, and especially in view of counter-affidavits by two of the jurors showing that the verdict was not reached in the manner alleged. pp. 63, 64.

2. NEW TRIAL.—*Motion for New Trial.—Affidavits and Testimony of Jurors.*—The affidavit of a juror may be received to sustain the verdict, but not to impeach it; hence where a motion for new trial alleges irregularity of the jury in arriving at its verdict, without disclosing the source of information, it will be held insufficient on the presumption that the information came from one or more of the jurors. p. 64.

From Elkhart Superior Court; *Vernon W. VanFleet,* Judge.

Action by Earl Bishop against Allen Houseworth. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Ira H. Church,* for appellant.

*William B. Hile,* for appellee.

FELT, C. J.—Appellee brought this action against appellant in the court of a justice of the peace for an unpaid balance of $66.92 on an account for lumber. The appellee recovered, and appellant appealed from the judgment. The case was tried in the Elkhart Superior Court and resulted in a verdict and judgment in favor of appellee for $62.

The overruling of appellant's motion for a new trial is the only error assigned. The motion for a new trial contains several grounds, but the only cause relied on and presented by the briefs is the alleged misconduct of the jury in arriving at the amount of the verdict.

In support of his motion for a new trial appellant filed

his affidavit in which he alleged in substance that the verdict of the jury was reached by the jurors agreeing in advance to add together the several amounts each juror should fix and divide the total sum by the number of the jurors and return the quotient as the amount of the verdict. He also alleged that he received his information from one Charley Lyons. Appellee filed a counter-affidavit of two of the jurors to the effect that neither Charley Lyons nor any other person than the members of the jury were present during any of the deliberations of the jury; that ten of the jurors voted to give the plaintiff the amount of his alleged balance and two voted for a verdict of about $50; that after six or eight ballots had been taken as above indicated, one of the jurors suggested that they were not far apart and that in his opinion $62 would equalize their differences; that thereafter another member of the jury proposed that they return a verdict for plaintiff for $62 and each juror agreed thereto; that the verdict was arrived at in no other way and when so agreed upon was rendered accordingly.

Appellant's affidavit filed in support of his motion for a new trial does not give the source of his information, further than to state that it was obtained from one Charley Lyons. Nothing is said as to the source of the information obtained by said Lyons, nor was the statement of the alleged way in which the jury arrived at its verdict supported by the affidavit of said Lyons. In *Hutchins* v. *State* (1898), 151 Ind. 667, 677, 52 N. E. 403 the court held that an affidavit was insufficient to impeach a verdict which did not give the source of the information relied on for such impeachment, and also held that "where the affiant shows in his affidavit that he had the means of actually knowing personally of the alleged misconduct, his affidavit may and ought to be received, but not without such showing." To the same effect is *Stanley* v. *Sutherland* (1876), 54 Ind. 339, 356. In the absence of any other showing as to the source

of the information it will be presumed that it was
2.   obtained from some one or more of the jurors.   There-
fore to accept it as sufficient would be to permit a
juror to impeach his verdict by indirection, a thing which
the law forbids him to do directly.   The affidavit of a juror
may be received to sustain his verdict, but not to impeach it.

The showing made was clearly insufficient to warrant
1.   the court in setting aside the verdict for misconduct
of the jury in arriving at its verdict.   *Hutchins* v.
*State, supra; Treschman* v. *Treschman* (1902), 28 Ind. App.
206, 220, 221, 61 N. E. 961; *Pittsburgh, etc., R. Co.* v. *Collins*
(1907), 168 Ind. 467, 480, 80 N. E. 415; *Indianapolis Trac-
tion, etc., Co.* v. *Miller* (1909), 43 Ind. App. 717, 723, 88 N.
E. 526.

Furthermore, if the showing made was not insufficient
for the reasons already stated, our conclusion would neces-
sarily be the same for other reasons.   The affidavit of the
two jurors shows that the verdict in this case was not a
quotient verdict.   There was no agreement to add the
amounts fixed by the several jurors and to divide the total
by the number of the jurors and return the quotient so ob-
tained as their verdict.   The fact that $62 was suggested by
two jurors did not vitiate the verdict for that amount which
was thereafter agreed upon by all the jurors.   It is also ap-
parent from all the facts stated in the affidavit of the jurors
that if the amount of the verdict had been determined in
the manner asserted by appellant, it would not have been
for the sum of $62.   The evidence is not before us, and on
the record presented we can not say that the verdict was un-
warranted nor that the court erred in overruling the motion
for a new trial.   *Model Clothing House* v. *Hirsch* (1908),
42 Ind. App. 270, 274, 85 N. E. 719.   Judgment affirmed.

NOTE.—Reported in 106 N. E. 380.   As to misconduct of jurors,
other than their separation for which the verdict may be set aside,
see 134 Am. St. 1033.   As to the validity of a chance or quotient
verdict, see 16 Ann. Cas. 910.   See, also, under (1) 29 Cyc. 980;
(2) 29 Cyc. 982, 989.