DENT *v.* DENT.

[No. 30,089. Filed May 4, 1961.]

*Spangler, Jennings & Spangler* and *Samuel P. Moise,* both of Gary, for appellant.

*E. Miles Norton* and *William F. Carrol,* both of Crown Point, for appellee.

JACKSON, J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1933, ch. 151, §1, p. 800, being §4-215 Burns' 1946 Replacement, and Rule 2-23 of this court, 1958 Edition. See *Dent* v. *Dent* (1960), 164 N. E. 2d 351 for Appellate Court opinion.

This action was commenced in the Lake Superior

Court by the appellee, plaintiff below, filing a complaint for divorce in two paragraphs against the appellant, defendant below, alleging a common law marriage. Such cause was venued to the Newton Circuit Court where trial was had, and judgment rendered against appellant herein.

Answers of denial and affirmance were filed, together with a second paragraph of answer pleading res judicata, or estoppel by findings, to the complaint and appellee's reply of general denial to appellant's second paragraph of answer.

The Assignment of Error is "That the Court erred in overruling Appellant's motion for a new trial."

Paragraph one of the complaint alleges in substance that the plaintiff and defendant were duly married sometime in 1938 in East Chicago, Indiana, and lived together as husband and wife from the time of said marriage until March 21, 1955, at which time they separated; that defendant was guilty of cruel and inhuman treatment of plaintiff, that defendant was worth approximately $50,000; that one child, Jacqueline Dent, was born of said marriage on March 22, 1941; that plaintiff prayed for an absolute divorce, care and custody of said child, support for said child and alimony in the sum of $25,000.

Paragraph two of plaintiff's complaint alleges in substance, that plaintiff and defendant were married by common law marriage in the City of East Chicago, Indiana, on or about the —— day of November, 1938, at which time they began living together as husband and wife under the names of Mr. and Mrs. James Lee Dent; and continued to live together as husband and wife from such time until they separated on March 21, 1955; that during their married life the defendant was guilty of cruel and inhuman treatment of plaintiff;

that just prior to the birth of their daughter, Jacqueline Dent, on March 22, 1941, the defendant and the plaintiff agreed that for the sake of said child and that there might be a record of their marriage, the parties would enter into a ceremonial marriage; the defendant neglected to comply with said arrangement, but that nevertheless, the parties continued to live together as husband and wife. Plaintiff on or about the 9th day of March, 1942, gave birth to a second child by the defendant, that said child died at birth; that at another time during said marriage plaintiff became pregnant by defendant, that said pregnancy resulted in a miscarriage. During all of said pregnancies the defendant and plaintiff lived together as husband and wife under the family name of Dent. The defendant at each pregnancy registered plaintiff in the hospital as his wife and paid her hospital bills; that Jacqueline Dent, daughter of the parties, is now fifteen years of age and is mentally retarded, that defendant is the owner of property worth approximately $50,000. Plaintiff prayed for an absolute divorce, the care and custody of the minor child, Jacqueline Dent, for her support and alimony in the sum of $25,000.

The defendant filed answers to the complaint, the first in substance being in denial, the second in bar, in substance being that the plaintiff in the action for divorce was one and the same person as Virginia Hayes, who on July 29, 1949, jointly with the appellant, filed a petition in the Lake Juvenile Court, being cause No. 3783, to establish paternity of their child, Jacqueline Dent, and to provide for its support.

Said answer further alleges that the issues formed in said cause are the same as herein, and the plaintiff makes practically the same allegations as have been adjudicated upon in the Lake Juvenile Court. Such

answer further recites in pertinent parts as follows: "Finding that the defendant is the father of plaintiff's child, Jacqueline Dent, a female child, that said child was born out of wedlock March 22, 1941, at East Chicago, Indiana. . . ." That by reason of the finding and judgment of the Lake Juvenile Court entered in cause No. 3783 on August 5, 1949, the plaintiff, Virginia Dent, is estopped in this cause.

Upon the submission and at the conclusion of all the evidence, at the request of the defendant, the trial court made the following Special Finding of Fact and Conclusions of Law, to-wit:

| "State of Indiana | In the Newton Circuit Court |
|---|---|
| SS: "County of Newton | April Term, 1957 |
| "Virginia H. Dent Plaintiff | Cause No. 13801 |
| vs. | SPECIAL FINDINGS OF FACT AND CON- CLUSIONS OF LAW |
| "James Lee Dent Defendant | |

"The Court, at the request of the defendant, now makes the following findings of fact in this cause and states conclusions of law thereon as follows:

"FINDING No. 1:

"The plaintiff has been a bona fide resident of Lake County, Indiana, for more than one year prior to the filing of this action for divorce.

"FINDING No. 2:

"The plaintiff and defendant are husband and wife by reason of a valid and legal common law marriage and lived together as such husband and wife, and cohabited together, until on or about March 19, 1954, at which time they separated and have not lived or cohabited together as husband and wife ever since.

"FINDING No. 3:

"The plaintiff and the defendant are the parents of Jacqueline Dent who is their legitimate child. That said Jacqueline Dent is a minor child of retarted [retarded] mentality.

"FINDING No. 4:

"The defendant has been guilty of cruel and inhuman treatment of the plaintiff and has failed to make reasonable provision for her care and support for a period of more than two (2) years.

"FINDING No. 5:

"The parties cannot be reconciled.

"FINDING No. 6:

"The defendant is the owner of real and personal property having a value in excess of Forty-eight thousand ($48,000) Dollars, and further is an able-bodied man capable of earning wages sufficient to support a wife and child by reason of personal services, and further owns a poolroom business which provides him with an income of Eight [eighty] ($80.00) per month.

"FINDING No. 7:

"The plaintiff is entitled to a decree of absolute divorce from the defendant on the grounds stated in the complaint, and the plaintiff is a fit and proper person to have the care and custody of Jacqueline Dent, the minor child of the parties.

"FINDING No. 8:

"The plaintiff is entitled to receive alimony from the defendant as follows:

"The sum of Twelve thousand ($12,000.00) Dollars, or in lieu thereof a deed to the property in suit located at 3915 Carey Street, East Chicago, Indiana.

"Dated June 5, 1957.
Dated June 5, 1957.

"NEWELL A. LAMB
"Judge of the Newton
Circuit Court

"CONCLUSIONS OF LAW

"CONCLUSION No. 1:

"The law and the equity of this case is with the plaintiff.

Dated June 5, 1957.            "NEWELL A. LAMB
                               "Judge of the Newton
                                        Circuit Court

"Filed in Open Court
Jun [June] 5, 1957
Joseph E. Hiestand
Clerk Newton Circuit Court."

Thereafter the court entered judgment upon the special findings of fact and conclusions of law, granting the plaintiff an absolute divorce from the defendant, alimony in the sum of $12,000.00, the care and custody of the legitimate minor child of the parties, Jacqueline Dent, and support for said child in the sum of $10.00 per week.

The defendant filed a timely motion for a new trial, such motion encompassing some twenty-four pages of the record, which motion in the interest of brevity must be omitted. In substance the grounds for such motion are:

1. That the decision is not sustained by sufficient evidence.

2. That the decision is contrary to law.

3. That the special findings of fact are not sustained by sufficient evidence.

4. That the special findings of fact are contrary to law.

5. Other grounds are that the court erred in sustaining and overruling certain objections and in admitting and refusing to admit certain exhibits.

The issues to be determined here are (a) was there a valid common law marriage of the parties, (b) was

the judgment of the trial court sustained by sufficient evidence of probative value?

In arriving at a determination of the first question we proceed to a consideration of the evidence most favorable to the appellee in conformity to a long established rule of this court. *Shula* v. *Shula* (1956), 235 Ind. 210, 213, 132 N. E. 2d 612; *Watson* v. *Watson* (1952), 231 Ind. 385, 388, 108 N. E. 2d 893; *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 188, 106 N. E. 2d 453.

The plaintiff, Virginia Dent, testified that the defendant asked her in December 1938 or January 1939, if she would be his common law wife; she further testified we agreed to that and then we started living together. No where in the direct or cross-examination of the defendant do we find any denial on his part that such conversation and agreement took place. The evidence of various witnesses corroborate the evidence of the plaintiff as to the marital status of the parties, such evidence covers a period of more than fifteen years, including the period from 1949 to the date of the separation in 1955.

After the paternity action in 1949, subsequent to the separation in 1955, and a few months prior to the trial of the divorce action in 1957, the husband, James Lee Dent, publicly acknowledged the existence of the marriage in a conversation with one of the daughter's teachers, who testified on cross-examination as follows:

"Q. When you said 'Mrs. Dent,' you just took it for granted that because the girl's name was Jacqueline Dent that was her mother, that it was Mrs. Dent?

"A. No. A few months ago Mr. Dent came to school and asked to see me, asked about his daughter. And the assistant principal, Mr. Or—— and I both spoke to Mr. Dent. He

referred to the girl's mother as Mrs. Dent, as her mother and my child. I don't know how else I could make the difference. I have never seen anybody else than Mrs. Dent. She signs cards, report cards and signs notes of absence."

"The burden of proving a common-law marriage is on the party asserting and relying upon it. *State ex rel. Schumaker* v. *Adams C. Ct.* (1947), 225 Ind. 200, 204, 73 N. E. 2d 689; *Lowrance* v. *Lowrance* (1932), 95 Ind. App. 345, 355, 182 N. E. 273." *Anderson* v. *Anderson* (1956), 235 Ind. 113, 118, 131 N. E. 2d 301.

In the instant case the trial court, by its finding and judgment, held that there was a valid common-law marriage of the parties and that the plaintiff was entitled to a divorce, etc. The trier of the facts saw and heard the witnesses, determined the probative value of the evidence, and where the record, as it does here, sustains the judgment, we will not in the absence of an abuse of discretion, reverse it on appeal. *State ex rel.* v. *Graham, Trustee* (1953), 231 Ind. 680, 110 N. E. 2d 855; *Watson* v. *Watson* (1952), 231 Ind. 385, 108 N. E. 2d 893; *Yelton* v. *Plantz* (1950), 228 Ind. 79, 89 N. E. 2d 540; *Kraus* v. *Kraus, Executor, etc. et al.* (1956), 235 Ind. 325, 132 N. E. 2d 608.

The appellant relies on a proceeding instituted in the Lake Juvenile Court in the year 1949 by the plaintiff and defendant to determine the paternity of their daughter as an estoppel by judgment to the prosecution of the divorce action by the plaintiff.

In view of the decision we have reached herein, based on evidence in the record subsequent to the paternity action, we need not determine that question in this opinion.

There was sufficient evidence adduced at the divorce trial to convince the judge of the existence of a valid

common-law marriage between the parties. The record before us contains ample evidence to sustain the decision of the trial court, that the parties by their acts and statements subsequent to the paternity action considered themselves to be married, they so represented their status to their neighbors and others in the community.

Where there is evidence in the record to sustain the decision of the trial court we will not disturb the same on appeal in the absence of an abuse of discretion.

Finding no reversible error the judgment of the trial court is affirmed.

Bobbitt, C. J., Landis and Achor, JJ., concur.

Arterburn, J., concurs in result.

NOTE.—Reported in 174 N. E. 2d 336.