MILLER *v.* DEMING HOTEL COMPANY.

[No. 19,815. Filed February 9, 1966. Rehearing denied June 15, 1966. Transfer denied September 27, 1966.]

*Buena Chaney* of *Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, for appellant.

*Thomas M. Patrick* of *Dix, Dix, Patrick & Ratcliffe,* of Terre Haute, for appellee.

FAULCONER, J.—Appellant filed suit against appellee for damages for personal injuries sustained by her when she fell on appellee's premises. Trial by jury resulted in a verdict for appellee, and judgment was entered accordingly.

Appellant timely filed her motion for new trial containing grounds 1, 2(a), 2(b), 2(c), 2(d), 2(e) and 2(f), which was overruled, which ruling appellant assigns as error on appeal.

Appellant discusses only specifications 2(c), 2(d) and 2(e) in the argument section of her brief. Therefore, all other grounds or specifications for new trial are deemed waived. *Gernhart* v. *State* (1954), 233 Ind. 470, 472, 120 N. E. 2d 265; Rule 2-17(e) and (f), Rules of the Supreme Court, 1964 Revision.

Specification 2(c) contends error in the giving to the jury defendant-appellee's Instruction No. 16 over the objection of plaintiff-appellant. Specification 2(d) contends error in giving defendant-appellee's Instruction No. 3 over the objection of plaintiff-appellant. Specification 2(e) contends error in giving defendant-appellee's Instruction No. 22 over the objection of plaintiff-appellant.

We will consider specifications 2(c) and 2(e) together inasmuch as they involve virtually the same issue. Appellant

specifically objected to only one sentence in Instruction No. 16 contending that it would invade the province of the jury in that it instructed the jury, as a matter of law, that plaintiff-appellant was required to look for steps when her duty was only the use of ordinary reasonable care under all of the circumstances. Appellant's objection to Instruction No. 22 is, in effect, the same as that made to Instruction No. 16.

Both of these instructions were tendered by appellee and given by the trial court over specific objections of appellant, and instructed the jury on the use by the appellant of her senses.

The trial court was not required to embody all applicable law into one instruction, *McClure* v. *Miller* (1951), 229 Ind. 422, 435, 98 N. E. 2d 498; *Washington Hotel Realty Co.* v. *Bedford Stone, etc., Co.* (1924), 195 Ind. 128, 149, 143 N. E. 156; *Powell* v. *Ellis* (1952), 122 Ind. App. 700, 708, 105 N. E. 2d 348 (Transfer denied); and our duty, on appeal, is to determine, from all the instructions given, if the jury was properly and fairly instructed. *Riechmann* v. *Reasner* (1943), 221 Ind. 628, 634, 51 N. E. 2d 10; *Pittsburgh, etc., R. Co.* v. *Higgs* (1906), 165 Ind. 694, 708, 76 N. E. 299; *H. E. McGonigal, Inc.* v. *Etherington* (1948), 118 Ind. App. 622, 636, 79 N. E. 2d 777 (Transfer denied).

A review of all the instructions given by the trial court, and specifically Instructions Nos. 5 and 15 tendered by appellant, convinces us that such instructions covered appellant's objections and that the jury was properly, thoroughly and fairly instructed. Therefore, the giving of appellee's tendered Instructions Nos. 16 and 22 was not reversible error.

Appellant next asserts error in the giving by the trial court of defendant-appellee's tendered Instruction No. 3. Appellant's specific objection thereto was that the last two paragraphs of said instruction "requires the plaintiff [appel-

lant] to prove her freedom from contributory negligence as a condition precedent to a recovery, and as such places upon plaintiff a burden greater than that placed upon her by the law."

Appellant is confined on appeal to the specific objection made to an instruction in the trial court. *Keeshin Motor Express Co. v. Sowers* (1943), 221 Ind. 440, 446, 48 N. E. 2d 459; *Sims Mtr. Transp. Lines, Inc. v. Davis, Admx.* (1956), 126 Ind. App. 344, 352, 130 N. E. 2d 82 (Transfer denied). Rule 1-7, Rules of the Supreme Court, 1964 Revision.

Appellant ably sets forth in the argument section of her brief general rules of law, and supporting authorities, pertaining to error in the giving of an instruction placing an erroneous burden of proof on a party, and that such an instruction cannot be cured by other instructions. However, appellant cites no authority to substantiate her assertion that the instruction objected to does, in fact, place upon her an erroneous burden of proof. Nowhere in the argument section of appellant's brief has she applied her assertions, or the authorities cited and quoted from, to the instruction in question. Any application is limited to her conclusion that the courts have condemned such an instruction as defendant-appellee's tendered Instruction No. 3 after quoting the general principle of law.

We are of the opinion that appellant under this assignment has failed to exhibit clearly the points of fact and of law being presented *"and how they are applicable . . .,"* as required by Rule 2-17 (e), *supra.* (Emphasis supplied.) However, we are of the further opinion that had appellant argued the specific objection made by her to this instruction, such objection is without merit and the giving of said instruction by the trial court was not reversible error.

Appellee assigned cross-errors which we have considered, and we find therein no grounds for reversing this judgment.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Prime, C.J. and Carson, J., concur.[1]

Wickens, J., not participating.

### ON PETITION FOR REHEARING

FAULCONER, J.—Appellant has filed herein her petition for rehearing in four paragraphs.

Appellant's first contention as to error in the court's opinion consists merely of the stated conclusion, unsupported by citation of authority, that defendant's tendered Instruction No. 16 was not cured by plaintiff's Instructions Nos. 5 and 15. This argument is no more than a flat conclusion that the court erred in failing to decide the issue in favor of appellant.

In the second paragraph of her petition for rehearing appellant contends that "[t]he Court failed to give a statement in writing on each substantial question arising on the record by failing to give any statement in writing concerning Appellant's objections to defendant's tendered instruction No. 22." With regard to this objection, the court viewed appellant's objections to defendant's tendered Instructions Nos. 16 and 22 as being, in effect and with regard to the issue presented, the same. From appellant's petition for rehearing it is apparent that she is aware of this fact. Thus, the court having dealt in its written opinion with the single question presented, appellant's second contention is without merit.

Appellant's third contention in support of her petition for rehearing is the allegation that since defendant's tendered Instruction No. 22 was a mandatory instruction, its omission of the element of ordinary care could not be aided by other instructions. In support of this state-

---

1. While Judge Martin participated in the hearing of oral argument and a conference of the judges, his untimely death occurred before the adoption of this opinion.

ment appellant cites *Covert* v. *Boicourt, Exr.* (1931), 93 Ind. App. 355, 168 N. E. 198. The *Covert* case does hold that the omission of an essential element presented by the issues from a mandatory instruction cannot be cured by other instructions. With regard, however, to the basic element of appellant's third contention, *i.e.*, that defendant's tendered Instruction No. 22 was, in fact, mandatory, the court in the *Covert* case indicated, on page 364 of 93 Ind. App., that it regards an instruction as mandatory which "directs a verdict on certain facts to be found." Such view is substantially in accord with that expressed in *Vance* v. *Wells* (1959), 129 Ind. App. 659, 159 N. E. 2d 586, and thus the *Covert* case is not in conflict with the conclusion that defendant's tendered Instruction No. 22 is not mandatory under the definitive explanation of a mandatory instruction in *Vance* v. *Wells, supra,* at pages 666-667 of 129 Ind. App., as follows:

"A mandatory instruction unequivocally charges the jury that if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith, either for the plaintiff or in favor of the defendant. It positively directs the jury to find for one party and against the other."

Appellant, in the fourth and final paragraph of her petition for rehearing raises the same objection to defendant's tendered Instruction No. 3 as was raised on appeal, *i.e.*, the instruction placed upon the plaintiff the burden of proving her freedom from contributory negligence. Appellant cites five Supreme Court of Indiana cases in support of her contention. Of these five cases, three were cited previously in appellant's brief in support of the same proposition for which they are now cited. The language and reasoning found in the court's written opinion is still applicable on this question of law.

The two cases cited by appellant in her petition for rehearing which were not cited on appeal are *Harper* v. *James* (1965), 246 Ind. 131, 203 N. E. 2d 531, and *Deckard* v. *Adams* (1965), 246 Ind. 123, 203 N. E. 2d 303. In each of these cases the language of the erroneous instruction is clearly distinguishable from that of defendant's tendered Instruction No. 3.

In *Harper* v. *James, supra,* the court held that where an instruction, in an action for personal injury, required plaintiff " 'to prove by a fair preponderance of all the evidence . . . facts showing that the alleged misconduct of the defendant was the *sole proximate cause* of the . . . damages . . .' " such instruction was erroneous as imposing a burden upon the plaintiff of proving the absence of contributory negligence. Similarly, in *Deckard* v. *Adams, supra,* an action involving personal injury, the court held that an instruction "erroneously cast upon the plaintiff the burden of proving . . . that the plaintiff was free from contributory negligence." The erroneous instruction stated, in part, " 'the burden is upon Carmen Deckard [the plaintiff] to prove by a preponderance of the evidence that . . . one or more of . . . [the defendant's] negligent acts *was the sole proximate and direct cause* of injuries to plaintiff. . . .' "

As is readily apparent, the *Harper* and *Deckard* cases are concerned with the problem posed by instructions which require a plaintiff to demonstrate by a preponderance of the evidence that the act or acts complained of were the *sole* cause of injury. The language contained in defendant's tendered Instruction No. 3 is clearly dissimilar to that of the instructions found erroneous in the *Harper* and *Deckard* cases, and hence these cases in no manner compel the conclusion that defendant's tendered Instruction No. 3 is similarly erroneous.

We are of the opinion that the court's written opinion in this cause adequately dealt with all matters properly pre-

sented to us on appeal, and as appellant's petition for rehearing is not meritorious, the same should be denied.

Petition for rehearing denied.

Carson and Prime, JJ., concur.

Wickens, P.J., not participating.

NOTE.—Reported 213 N. E. 2d 809. Rehearing denied in 217 N. E. 2d 165.