## O'BOYLE *v.* O'BOYLE.

[No. 20,428. Filed May 19, 1966. Rehearing denied June 28, 1966. Transfer denied December 21, 1966.]

*Marcellus B. Meyer,* of Michigan City, for appellant.

*C. T. Kitowski,* of Michigan City, for appellee.

FAULCONER, J.—In a trial to the court, without a jury, appellee was granted an absolute divorce from appellant. Other provisions of the judgment are not attacked by appellant and, therefore, will not be considered. Appellant's motion for new trial, timely filed, was overruled by the trial court, which action is assigned as error. The only specification in the motion for new trial is that "[t]he finding or decision of the Court is now [not] sustained by sufficient evidence and is contrary to law."

Appellant confines his argument to the issue of grounds for granting the divorce. Appellee alleged cruel and inhuman treatment in her complaint, offered evidence to prove, and the court granted her an absolute divorce on the ground of cruel and inhuman treatment by appellant towards the appellee.

Appellant sets out in the argument section of his brief six separate "alleged incidents and acts" which "Appellee's testimony in support of her allegation of cruel and inhuman treatment by appellant toward her consists of." After the statement of each incident or act there follows, "Her version," giving the pages and lines of the transcript, and, "His version," likewise giving the pages and lines of the transcript.

A careful reading of the evidence clearly shows conflicting testimony by appellant and appellee regarding each of these "incidents." Under the well-established rule that this court will not weigh conflicting evidence, that being the sole prerogative of the trier of the facts, this court concerns itself, on appeal, only with that evidence most favorable to the appellee in determining if the judgment is sustained by sufficient evidence or is contrary to law. *Dent* v. *Dent* (1961), 241 Ind. 606, 613, 174 N. E. 2d 336; *Shula* v. *Shula* (1956), 235 Ind. 210, 213, 132 N. E. 2d 612.

Without burdening this opinion with details, the evidence, in our opinion, is sufficient to sustain the judgment granting appellee an absolute divorce from appellant on the ground of cruel and inhuman treatment, and is not contrary to law.

Appellant also contends that the evidence establishes "provocation" and that appellee was also "guilty of misconduct" such as to invoke the doctrine of recrimination. However, the only evidence concerning such acts on the part of appellee emanates from the testimony of appellant. The evidence is conflicting concerning acts of "provocation" and "recrimination" and, therefore, the finding and judgment of the trial court thereon will not be disturbed by this court.

Finding no reversible error, the judgment is affirmed.

Prime, C.J., Carson and Wickens, JJ., concur.

NOTE.—Reported in 216 N. E. 2d 544.