McCLEARY v. MOWERY.

[No. 20,577. Filed November 29, 1967. Rehearing Denied January 3, 1968. Transfer Denied February 21, 1968.]

*Kizer & Neu,* of Plymouth, and *Widaman, Bowser, Widaman & Reed,* of Warsaw, for appellants.

*Chipman & Chipman,* of Plymouth, and *Rockhill, Vanderveer, Kennedy & Pinnick,* of Warsaw, for appellee.

PFAFF, C. J.— These actions arose out of a rear end automobile collision. Appellants, Eva L. McCleary and Weldon H. McCleary, were sitting in the front seat of their automobile which had come to a complete stop in compliance with a signal light at the intersection of East Center and Indiana Streets in Warsaw, Indiana, when their automobile was struck in the rear by an automobile driven by the appellee, Mary Ellen Mowery. The appellee testified that a mechanical failure occurred when she attempted to apply her brakes, a condition which she did not know or have any reason to know about.

Appellant, Eva L. McCleary, brought suit for her injuries and appellant, Weldon H. McCleary, sought to recover for the medical expenses arising out of the injuries to his wife and for the loss of her services and companionship. Trial was had by jury and a verdict returned that appellants take nothing by their respective complaints, the cases having been consolidated for the purpose of the trial. Appellants then filed

their motion for new trial, which motion was subsequently overruled. It is from this decision that this appeal arises, the appellants assigning as error the following:

"1. The verdict of the jury is contrary to law.

"2. The verdict of the jury is based on insufficient evidence.

"3. The trial court erred in giving to the jury defendant's tendered instructions numbered three, four and seven."

In support of their first specification of error, the appellants contend that the appellee violated the Acts of 1955, ch. 170, § 32, p. 416, § 47-2228 and the Acts of 1955, ch. 170, § 34, p. 416, § 47-2228b, Burns' 1965 Repl., which in essence, provide that an automobile "shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle and that said violation constituted negligence per se.

Generally it is often said that, . . . the violation of a duty prescribed by statute or ordinance is negligence per se or as a matter of law. See *New York Central Railroad Co.* v. *Glad* (1962), 242 Ind. 450, 179 N. E. 2d 571. But it is also stated in the above case that:

"Exceptions to this general rule have been recognized in Indiana where compliance with the provisions of the statute or ordinance was impossible or noncompliance was excusable. Under such circumstances such violation becomes, in effect, nothing more than prima facie evidence of negligence."

In *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 98 N. E. 2d 896, our Supreme Court stated that the compliance must be impossible, "or non-compliance was excusable because of circumstances resulting from causes or things beyond his control, and in no way produced by his own negligence, or his conduct comes within an excuse or exception specifically provided in the statute itself." The court then went on to say that a violation under circumstances set out above

becomes "nothing more than prima facie evidence of negligence, subject to being overcome by proof to the contrary, . . . " It is the opinion of this court that it creates a rebuttable presumption of negligence, which must be dispelled by the defendant through the presentation of his case. For an excellent summary and analysis of the evolution and theory of the per se doctrine in Indiana, see:

> Foust, The Use of Criminal Law As A Standard Of Civil Responsibility In Indiana, Volume 35, Indiana Law Journal 45, (1959-60).

In *Ryan* v. *Leach* (1966), 139 Ind. App. 14, 215 N. E. 2d 877, this court had before it an instruction which reads as follows:

> "A person who is driving an automobile on a public highway is not bound to anticipate or foresee any mechanical failure on the part of his automobile unless he actually knew of the defective condition or could have discovered the same in the exercise of reasonable care. Therefore, if you find that the collision in this case was caused by a failure of the brakes on the automobile of the defendant, and if you further find that the defendant did not know that the brakes on his automobile were defective or that he could not have discovered the defective condition by a reasonably careful inspection, then your verdict must be for the defendant."

This court, after finding the instruction to be mandatory, stated:

> "The specific objection to the instruction was that it omitted the element of proximate cause.
>
> "The objection to the instruction should have been sustained. Mechancial failure which was merely one of the causes of injury would not defeat recovery, assuming the defendant's negligence to be a proximate cause and the failure to be not reasonably foreseeable. To clarify this further, the mechancial failure referred to in the instruction was a matter of defense. *It could constitute a complete defense only if mechanical failure was the sole proximate cause.*" (Emphasis supplied).

In the *Ryan* v. *Leach, supra,* case, this court alludes to the fact that a mechanical failure which was not foreseeable constitutes a sufficient excuse for the violation of §§ 47-2228 and 47-2228b, *supra,* thus rebutting the presumption of negligence.

In the case at bar conflicting testimony was introduced as to whether or not appellee had or should have had prior knowledge of the mechanical defect due to the nature of said defect. This evidence was sufficient to present a question of fact for the jury. This question the jury determined favorably to the appellee and this court, on appeal, is not at liberty to disturb it. *Rickner* v. *Haller* (1954), 124 Ind. App. 369, 116 N. E. 2d 525; *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 46 N. E. 2d 836.

Although not mentioned in appellants' brief, interrogatories were tendered to and answered by the jury.
Interrogatories one through four are as follows:

"Interrogatory No. 1. Did the foot brake on the automobile driven by Mary Ellen Mowery fail immediately prior to and at the time of the collision?

"Answer: Yes.

"Interrogatory No. 2. Was the failure of the foot brake on the automobile driven by Mary Ellen Mowery the sole cause of the collision?

"Answer: Yes.

"Interrogatory No. 3. Was the automobile operated by Mary Ellen Mowery prior to the time of the collision serviced and inspected regularly?

"Answer: Yes.

"Interrogatory No. 4. Did Mrs. Mowery have any knowledge, except immediately before the collision, that the car she was operating was without a service or foot brake?

"Answer: No."

It is the opinion of this court that a violation of the statute in question, constituted a rebuttable presumption of negligence

which could be rebutted by evidence of a mechanical defect, a condition which the appellee did not know about, or have any reason to anticipate. Sufficient evidence was presented to the jury to support their finding that an excuse for the violation of the statute existed, thus rebutting the presumption of negligence.

The appellants further assign as error, the giving of appellee's instructions three, four and seven, to which they made timely objections.

Instruction No. 3 and No. 7 reads as follows:

### *"Instruction No. 3*

"The Court further instructs you members of the jury that if you find from the evidence in the cause that the sole proximate cause of the collision of the autmobile being operated by the defendant and the automobile in which the plaintiff was riding on August 6, 1963, was the fact that the foot brakes on the automobile being operated by the defendant failed to function at and immediately before the impact and if you also find that said brakes had been functioning properly before the time when the defendant attempted to apply said brakes at and immediately before the impact and if you also find that she did not fail to exercise reasonable care in failing to apply her emergency brake under all the circumstances and the defendant exercised reasonable care in the servicing and inspection of said brakes prior to the impact, then the plaintiffs cannot recover in these causes and your verdict should be for the defendant."

### *"Instruction No. 7*

"Ladies and Gentlemen of the Jury if you find from the evidence that the automobile being operated by Mrs. Mowery, the defendant herein, was equipped with adequate brakes immediately before she attempted to apply her foot brake upon approaching the intersection and that she applied her foot brake and her foot brake failed completely to stop or slow down the automobile without any advance warning of such failure to Mrs. Mowery, and that she did not fail to exercise reasonable care by not applying her emergency or hand brake under all the circumstances in an effort to avoid the collision and that she cared for and

maintained the equipment on her car as a reasonable and prudent person would do under all the circumstances then I instruct you that she was not guilty of negligence in this regard."

In regard to appellee's instructions number three and number seven, we believe that they contained a proper statement of the law as applied to the facts.

We will not discuss appellants' contention that appellee's instruction number three and appellants' instruction number eight are inconsistent and contradictory, except to state that the error relied upon in this appeal is not grounded upon the objection asserted in the trial court. Therefore no error is presented under Rule 1-7 of the Supreme Court of Indiana.

Appellants next contend that the refusal to sustain their objection to the giving of appellee's instruction number four constituted reversible error. Said instruction is as follows:

*"Instruction No. 4*

"The mere fact that the accident occurred and that the plaintiff sustained some injuries would not justify you in returning a verdict for the plaintiffs. Before you would be authorized to find for the plaintiffs, you would have to go further and find that the accident occurred because Mrs. Mowery did not use the care that an ordinary careful and prudent person should have used under the same or similar circumstances."

Appellants' objection was properly denied. Said instruction is not mandatory and when considered in conjunction with all other instructions, what error, if any would be cured. *Weis* v. *Wakefield* (1941), 111 Ind. App. 106, 38 N. E. 2d 303.

For the reasons stated herein, we are of the opinion that no reversible error has been shown and the judgment of the trial court is therefore affirmed.

Judgment affirmed.

Bierly, Cook and Smith, JJ. concur.

NOTE.—Reported in 231 N. E. 2d 165.