JESSOP *v.* WERNER TRANSPORTATION CO., INC.

[No. 869A156. Filed September 2, 1970. Rehearing denied October 15, 1970. Transfer denied February 22, 1971.]

*J. A. Bruggeman, Robert Thompson, Barrett, Barrett & McNagny,* of counsel, of Fort Wayne, for appellant.

*Milford M. Miller, Jr., Edward L. Murphy, Jr., Livingston,*

*Dildine, Haynie & Yoder,* of counsel, of Fort Wayne, for appellee.

HOFFMAN, P.J.—This appeal arises from the overruling of a motion for new trial. The trial resulted in a verdict and judgment in favor of defendant-appellee in a negligence action for personal injuries sustained by plaintiff-appellant while a guest passenger in an automobile.

The facts from the record before us may be summarized as follows:

Appellant was a guest passenger in a vehicle being driven by her son in an easterly direction on U. S. Highway No. 30 in the left-hand passing lane of a four-lane divided highway. Appellee's employee, Nyle W. Jurczewsky, was operating a semi-tractor and trailer in the same direction on U. S. Highway No. 30, in the right-hand lane. The vehicle in which appellant was a passenger proceeded to pass a pick-up truck which was traveling behind appellee's tractor-trailer. There was a dispute as to whether or not appellee's tractor-trailer swerved into the left-hand lane thereby causing the collision between the vehicle in which appellant was riding—the guard rail—and the tire of appellee's trailer.

Appellant and her son each sued appellee separately. On a motion by appellee, the two causes were consolidated and tried together—notwithstanding appellant's motion to separate for trial. The jury returned a general verdict in favor of appellee in both actions. The trial court rendered judgment in accordance with the verdict.

Appellant's sole assignment of error is the overruling of her motion for a new trial.

Appellant has briefed and argued that the trial court erred on three separate grounds: 1) That the trial court erred in granting appellee's motion to consolidate causes for trial and in overruling appellant's motion to separate said causes for trial; 2) that the trial court erred in giving appellee's Instruction No. 7; and 3) that the trial court

erred in overruling appellant's motion to strike the testimony of Cletus Stabler.

As to point number one, appellant contends that the issue of contributory negligence—which was a defense to her son's cause of action—was allowed to spill over and cloud the issues in her cause of action.

Rule 1-4A, adopted October 15, 1957, effective January 1, 1958, is applicable to the instant case and is as follows:

> "Consolidation — Separate trials. — (a) Consolidation. When actions (other than criminal) involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
> "(b) Separate trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, or counter-claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, or issues."

In support of her contention that the trial court erred in overruling her motion to separate causes, appellant cites *Kizer* v. *Hazelett*, 221 Ind. 575, 49 N. E. 2d 543 (1943). In *Kizer* plaintiff-appellee sued her son—she was a guest passenger in his vehicle—for wanton and wilful misconduct and the operator of the other vehicle for negligence, both in a single paragraph. Both defendants appealed a judgment for the plaintiff alleging that the trial court abused its discretion in overruling their motions to separate. Our Supreme Court reversed, holding that the trial court erred in overruling defendant's several motions for separate trials.

The factual difference in *Kizer* is apparent. Plaintiff-passenger in that case filed two causes of action—not just one as in the instant case—each requiring a different burden of proof. Appellant in the instant case did not sue her son, the operator of the vehicle in which she was riding, but

she and her son both sued appellee alleging that the actions of defendant-appellee's truck driver were the sole and proximate cause of the accident. *Kizer* is not in point and not determinitive of the issue in the instant case.

*Hoesel* v. *Cain; Kahler* v. *Cain,* 222 Ind. 330, 53 N. E. 2d 165 (1944), followed very closely the *Kizer* case—both in time and similarity of facts. However, in *Hoesel* neither appellant filed a motion for separate trials. Notwithstanding their failure to file the proper motion, appellants, citing *Kizer,* urged the Supreme Court to reverse because of the confusion which resulted from the complicated issues. Although the Supreme Court reversed on improper instructions, they did discuss the issue of consolidation and stated that *Kizer* did *not* mean that "the several issues of wilful and negligent injury can never be fairly presented in one trial." (*Id.* at 347, 53 N. E. 2d 171.)

The general rule for appellate review of consolidation under Rule 1-4A(a), Rules of the Supreme Court of Indiana, was stated by Judge Cooper, speaking for this court in *Brennan* v. *Reydell,* 134 Ind. App. 298, at 301, 187 N. E. 2d 492, at 494, (1963):

"[G]enerally a consolidation of causes of action cannot be successfully demanded as a matter of right, but is to be granted or denied in the discretion of the trial court, and such ruling is not cause for reversal unless such discretion is manifestly abused." (Citing cases.)

Recognizing that a showing of prejudice is a prerequisite to a finding by this court that the discretion of the trial court was abused, appellant, in her brief, attempts to show that she was prejudiced. Being somewhat overzealous, however, counsel for appellant attempted to show prejudice by affidavits[1] which purport to prove that the jury believed both

---

1. Affidavit of one of the jurors, Mrs. Judith Marsh; and affidavit of counsel as to his conversation with one of the jurors, Mrs. Doris Uehlein.

drivers were at fault and, therefore, appellant should have recovered—contributory negligence not being a defense to her action. While the court would not penalize the litigants because of the action of counsel,[2] we believe that counsel for appellant was made aware, at the time of oral argument, of this court's disapproval of such action.

It is the law in Indiana that affidavits of jurors will not be received to impeach their verdict. See: *Sinclair* v. *Roush,* 14 Ind. 450 (1860); *Stanley* v. *Sutherland, et al., Administrators,* 54 Ind. 339 (1876); *Houseworth* v. *Bishop,* 57 Ind. App. 62, 106 N. E. 380 (1914); 22 I.L.E., *New Trial,* § 129, p. 115.

Perhaps the best, and most recent, statement in Indiana concerning conduct such as counsel for appellant has displayed in the instant case appears in *Wilson* v. *State,* 253 Ind. 585, 255 N. E. 2d 817, at 821, 21 Ind. Dec. 1, at 6 (1970), wherein Judge Arterburn, speaking for our Supreme Court, said:

> "A jury's verdict may not be impeached by testimony of the jurors. Even the slightest consideration of such a practice under these circumstances would create an intolerable situation and no jury verdict would ever be lasting or conclusive." (Citing cases.)

Aside from the affidavits, appellant's assertion that she was prejudiced is based upon a reproduction of testimony found in the transcript. In effect, appellant urges us to view the evidence in a light most favorable to her. This is contrary to the well-established principle that on appeal the court will view the evidence in the light most favorable to appellee. *Dent* v. *Dent,* 241 Ind. 606, 613, 174 N. E. 2d 336 (1961); *Shula* v. *Shula,* 235 Ind. 210, 213, 132 N. E. 2d 612 (1956).

---

2. We should point out, however, that neither of the attorneys who briefed and argued this appeal is the attorney who signed or procured the affidavits.

Appellant has failed to show—and after a careful reading of the record before us we are unable to say—that appellant was prejudiced in that the jury was so confused that they returned a general verdict for appellee even though they believed appellee's employee was negligent.

There was no abuse of the discretion lodged in the trial court by Rule 1-4A, *supra,* and thus no reversible error. It is worth noting, however, that Rule 1-4A, *supra,* was replaced, effective January 1, 1970, by Indiana Rules of Trial Procedure, Rule TR 42. Rule TR 42, however, would not change our decision on this issue in the instant case.

Appellant's second specification of error centers on defendant's tendered Instruction No. 7, which is as follows:

"If, after considering all of the evidence, you find that the accident might have been caused in several different ways other than as alleged by plaintiffs in their complaint and you cannot determine from the evidence what was the proximate cause of the accident, then there can be no recovery by either plaintiff and you may return a verdict for the defendant."

Appellant urges that this instruction was error for three different reasons:

(A) It is a mandatory instruction which incorrectly states the law regarding an essential element of the appellant's cause of action, proximate cause.

(B) It instructs the jury regarding matters outside of the issues presented by the pleadings and proof.

(C) It is, in effect, a "mere accident" instruction which was given in a case where the evidence clearly indicates that the accident was caused, at least in part, by the negligence of appellee's driver.

Although counsel for appellant briefed and argued subpoint (B) above, she failed to raise the objection when she filed her written objections to instructions. It is the law in Indiana that on appeal appellant may only raise points to which specific objections were made in

the trial court. *McCleary* v. *Mowery,* 141 Ind. App. 672, 678, 231 N. E. 2d 165 (1968) (Transfer denied) ; *Miller* v. *Deming Hotel Co.,* 139 Ind. App. 339, 342, 213 N. E. 2d 809 (1966) (Transfer denied) ; *Drolet, Admtrx., etc.* v. *Pennsylvania R. Co.,* 130 Ind. App. 549, 558, 164 N. E. 2d 555 (1960) (Transfer denied).

Therefore, appellant waived any objection to Instruction No. 7 relating to her argument that it instructed the jury regarding matters outside of the issues presented by the pleadings and proof. This is also true of the argument that the instruction ignores the possibility of concurring proximate cause.

Under subpoint (A) above, appellant argues that Instruction No. 7 was a mandatory instruction. With this contention we cannot agree. The definition of a mandatory instruction was reiterated by our Supreme Court in *Perry* v. *Goss,* 253 Ind. 603, 255 N. E. 2d 923, at 925, 20 Ind. Dec. 433, at 435 (1970), wherein Judge Arterburn, speaking for the court, stated:

> "A mandatory instruction is one in which there is an attempt to *set out certain facts* upon which the jury is directed to reach a certain result." (Emphasis supplied.)

Instruction No. 7 does not *set out certain facts;* none of the parties are referred to by name; from this instruction it is impossible to tell how the accident occurred—in fact— one cannot even deduce that the accident referred to was an automobile accident. Instruction No. 7 does not meet the first element required—an enumeration of certain facts—and is, therefore, not mandatory.

Appellant's subpoint (C) above charges that Instruction No. 7 is a "mere accident" instruction and, therefore, it is reversible error. We agree that the giving of a "mere accident" instruction is reversible error. *Miller* v. *Alvey,* 246 Ind. 560, 566, 207 N. E. 2d 633 (1965) ; *Jones* v. *Castor,* 140 Ind.

App. 342, 214 N. E. 2d 180, 65 A.L.R. 2d 12 (1967), (Transfer denied).

We also agree that the instruction need not contain the words "mere accident" or "pure accident." As was stated by this court in *Qualls* v. *J. C. Penney Company*, 144 Ind. App. 276, 245 N. E. 2d 860, at 863, 17 Ind. Dec. 72 (1969), (Transfer denied):

> "As we interpret the above cited authorities, it is reversible error to give an instruction in which is incorporated the phrases 'mere accident,' 'unavoidable accident', 'pure accident,' *or any form or phrase regardless of form which directly or indirectly conveys to the jury a mere accident situation."* (Emphasis supplied.)

That Instruction No. 7 does not contain the words "mere", "pure", or "unavoidable" is beyond dispute. Beyond this, however, we are of the opinion that the instruction does not convey, either directly or indirectly, to the jury a "mere accident" situation. In so finding we have not done as appellant suggests in subpoint (C), *i.e.*, viewed the evidence in a light most favorable to appellant in order to conclude that "the accident was caused, at least in part, by the negligence of appellee's driver." As we have previously stated, the law in Indiana is exactly to the contrary.

*Dent* v. *Dent, supra;*

*Shula* v. *Shula, supra.*

Instruction No. 7, in our opinion, is directed at one element of plaintiff-appellant's case—proximate cause. The trial court, by this instruction, told the jury that if plaintiff failed to carry her burden of persuasion and convince them that a proximate cause of the accident was as alleged by plaintiff, then the jury may return a verdict for defendant. This is a proper statement of the law, and it was not error for the trial court to so instruct the jury.

Appellant's third specification of error is the trial court's overruling of the motion to strike the testimony of Cletus

Stabler. Mr. Stabler was the driver of the pick-up truck that was behind appellee's tractor-trailer at the time of the accident. He was called as an "eyewitness" for appellee. Appellant asserts that he was a surprise witness, alleging that she did not learn of his identity or the fact that he would testify until the day before the trial commenced. Appellee alleges that counsel for appellant had notice that Mr. Stabler would testify during the week before trial. Without deciding, we will assume that counsel for appellant only learned of the witness the day before trial.

The statutory basis for this specification of error is found in Acts 1881 (Spec. Sess.), ch. 38, § 420, p. 240, Ind. Stat. Anno., § 2-2401, Burns' 1968 Repl.,[3] which, in pertinent part, is as follows:

"Causes For.—A new trial may be granted in the following cases:

\* \* \*

"Third. *Accident or surprise, which ordinary prudence could not have guarded against.*"[4] (Emphasis supplied.)

In support of her allegation of "surprise", appellant contends that she was misled and hindered in the preparation of her case by certain answers to questions in the deposition of Mr. Nyle Jurczewsky, appellee's employee and the driver of the truck. The questions and answers are as follows:

"Q. Do you know the name of the driver of the pickup truck?

"A. No, I do not.

"Q. Do you know the names of any other witnesses who may have seen the accident take place?

"A. No."

The accident occurred on December 29, 1965, and the deposition was taken on February 4, 1969. We do not think it

3. Acts 1881 (Spec. Sess.), ch. 38, § 420, p. 240, Ind. Stat. Anno., § 2-2401, Burns' 1968 Repl., concerning new trials, was repealed by Acts 1969, ch. 191, § 3, effective January 1, 1970.

4. The emphaized language is now in Indiana Rules of Trial Procedure, TR 59(A) (2), effective January 1, 1970.

unusual that Mr. Jurczewsky did not remember. Mr. Stabler's name. In fact, he testified at the trial that he had given the name of the witness, Cletus Stabler, which was written on a piece of paper, to his employer after the accident.

Appellant was, at all times, aware of a witness and the fact that the witness was in a pick-up truck. However, she apparently did not know his name until the day before trial. The surprise, if any, was the fact that the witness, Mr. Stabler, had given his name to appellete's driver, Mr. Jurczewsky, at the scene of the accident. This fact was first brought out at the trial during the cross-examination of Mr. Stabler.

The record before us reveals that the only discovery undertaken by appellant was the deposition of Mr. Jurczewsky, appellee's truck driver. Further discovery proceedings permitted under the statutes would have revealed the identity of the witness.

Surprise is a ground for new trial only when ordinary prudence could not have guarded against it. We cannot say that appellant has met the statutory test in the instant case.

The trial court did not err in consolidating appellant's cause for trial; the giving of defendant's tendered Instruction No. 7; or in overruling appellant's motions to strike the testimony of Mr. Cletus Stabler.

Judgment affirmed.

Pfaff and Sharp, JJ., concur.

White, J. concurs with opinion.

## CONCURRING OPINION

WHITE, J.—I concur in all relevant portions of the foregoing opinion. Counsel's state of mind, motives, purposes, intent, or ethics, and anyone else's opinions concerning them, are totally irrelevant to our affirmance of the trial court's judgment. I have not stated any opinion as to any action of

any attorney connected in any way with this case and my concurrence is not to be understood as the adoption or ratification of anyone else's statement.

NOTE.—Reported in 261 N. E. 2d 598.